**FILED**

**FEBRUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1224**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE KEYS**

| | |
|---|---|
| ITEX, INC., a Colorado Corporation; and MF & H TEXTILES, INC., a Georgia Corporation, | ) Case No.<br>)<br>) Judge:<br>) |
| Plaintiffs, | ) Magistrate Judge<br>) |
| vs. | )<br>) |
| WORKRITE UNIFORM COMPANY, INC., California Corporation; BULWARK, a Division of VF Corporation, a Delaware Corporation; CINTAS, an Ohio Corporation; UNIFIRST, a Massachusetts Corporation; G & K SERVICES, a a Minnesota Corporation; ARAMARK, a Delaware Corporation; GREENWOOD MILLS, INC., a South Carolina Corporation; MOUNT VERNON MILLS, INC., a South Carolina Corporation; and CARHARTT, INC., a Michigan Corporation, | ) **COMPLAINT AND**<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiffs ITEX, INC., A Colorado Corporation; and MF & H TEXTILES,

INC., A Georgia Corporation by their undersigned attorney, for their Complaint

-1-

against Defendants allege and state as follows:

1.    This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of U.S. Patent Number 5,468,545. This action arises under the Patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the above-named Patent.

## IDENTITY OF PARTIES

2.    Plaintiff, ITEX, INC. (hereinafter ITEX) is incorporated under the laws of the State of Colorado having its principal place of business at Englewood, Colorado. Plaintiff ITEX makes and sells products in the field of flame-retardant fabrics.

3.    Plaintiff, MF & H TEXTILES, INC. (hereinafter MF & H) is incorporated under the laws of the State of Georgia, having its principal place of business at Butler, Georgia. Plaintiff MF & H also makes products in the field of flame-retardant fabrics.

4.    Upon information and belief, all defendants conduct business within the Federal District in which this Court is located.

5.    Upon information and belief, Defendant WORKRITE UNIFORM

-2-

COMPANY, INC. (hereinafter WORKRITE) is incorporated under the laws of the State of California, having its principle place of business in Oxnard, California. Defendant WORKRITE makes and sells products in the fields of flame-retardant garments.

6.    Upon information and belief, Defendant BULWARK, a Division of VF Corporation (hereinafter BULWARK) is incorporated under the laws of the State of Delaware, having its principle place of business in Raleigh, North Carolina. Defendant BULWARK makes and sells products in the fields of flame-retardant garments.

7.    Upon information and belief, Defendant CINTAS (hereinafter CINTAS) is incorporated under the laws of the State of Ohio, having its principle place of business in Cincinnati, Ohio.  Defendant CINTAS rents flame-retardant clothing.

8.    Upon information and belief, Defendant UNIFIRST (hereinafter UNIFIRST) is incorporated under the laws of the State of Massachusetts, having its principle place of business in Boston, Massachusetts.  Defendant rents flame-retardant clothing.

9.    Upon information and belief, Defendant G & K SERVICES (hereinafter G & K) is incorporated under the laws of the State of Minnesota, having its principle

-3-

place of business in Minnetonka, Minnesota. Defendant rents flame-retardant clothing.

10.    Upon information and belief, Defendant ARAMARK (hereinafter ARAMARK) is incorporated under the laws of the State of Delaware, having its principle place of business in Wilmington, Delaware. Defendant rents flame-retardant clothing.

11.    Upon information and belief, Defendant GREENWOOD MILLS, INC. (hereinafter GREENWOOD) is incorporated under the laws of the State of South Carolina, having its principle place of business in Greenwood, South Carolina. Defendant makes and sells fabrics especially adapted for use in an infringement of the patent-in-suit.

12.    Upon information and belief, Defendant MOUNT VERNON MILLS, INC. (hereinafter MOUNT VERNON) is incorporated under the laws of the State of South Carolina, having its principle place of business in Greenville, South Carolina. Defendant makes and sells fabrics that infringe the patent-in-suit.

13.    Upon information and belief, Defendant CARHARTT, INC. (hereinafter CARTHARTT) is incorporated under the laws of the State of Michigan, having its principle place of business in Dearborn, Michigan. Defendant

-4-

CARTHARTT sells garments made of fabric that infringe the patent-in-suit.

## JURISDICTION AND VENUE

14.     This is a civil action for patent infringement, injunctive relief, and

damages arising under the United States Patent Act, 35 U.S.C. §§ 1331, 1338(a),

1391(b) and (c), and 1400(b).  Requiring Defendants to respond to this action will not

violate due process.  Defendants maintain business operations within this district, or

sell, or rent infringing products within this State.  Defendants' relationship with the

State is therefore sufficient to make it reasonable for Defendants to defend the action

in this District pursuant to 28 U.S.C. §1400(b)

## CASE OR CONTROVERSY

15.     Plaintiffs ITEX and MF & H are the owners by valid assignment of

U.S. Patent No. 5,468,545  (hereinafter referred to as the  -545 patent), entitled " Long

Wear Life Flame -Retardant Cotton Blend Fabrics", duly and legally issued on

November 21, 1995 , a copy of which together with its two (2) Reexamination

Certificates is attached hereto as Exhibit A, such that they may enforce the -545

patent.

-5-

16.    On information and belief, Defendants WORKRITE and BULWARK have made and sold products in the fields of flame-retardant garments that infringe the patent-in-suit, and intend to continue to do so.

17.    On information and belief, Defendants CINTAS, UNIFIRST, G & K, and ARAMARK have rented flame-retardant clothing that infringe the patent-in-suit, and intend to continue to do so.

18.    On information and belief, Defendant GREENWOOD has made and sold fabrics especially adapted for use in a contributory infringement of the patent-in-suit, and continue to do so.

19.    On information and belief, Defendant MOUNT VERNON makes and sells fabrics that infringe the patent-in-suit.

20.    On information and belief, Defendant CARHARTT sells garments made of fabric that infringe the patent-in-suit.

21.    Some Defendants were apprised of the existence of the -545 patent months ago, and did not cease their infringing activities. Their infringement is thus willful, and Defendants are liable for treble damages.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That Defendants, WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT be held

to have infringed the patent-in-suit.

      B.     That the claims of the -545 patent are valid and enforceable.

      C.     For the entry of an order preliminarily and permanently enjoining Defendants WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, from infringing, contributing to the infringement of, and inducing infringement of the patent-in-suit, and specifically from directly or indirectly making, using, importing, selling or offering for sale, any products embodying the inventions of the patent-in-suit during the life of the claims of the patent-in-suit, without the express written authority of Plaintiffs.

      D.     That Defendants WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT be directed to fully compensate Plaintiffs for all damages attributable to their infringement of the patent-in-suit in an amount according to proof at trial, including, but not limited to, reasonable royalties and lost profits, and that in the event the infringement is found to be willful or in bad faith, that those damages be trebled.

-7-

E.      That Defendants, WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT be ordered to deliver to Plaintiffs for destruction at Plaintiffs' option all products that infringe the patent-in-suit.

F.      That Defendants WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT be required to account for all gains, profits, advantages, and unjust enrichment derived from their violations of law.

G.      That Defendants WORKRITE, BULWARK, CINTAS, UNIFIRST, G &K, ARAMARK, GREENWOOD, MOUNT VERNON, and CARHARTT be required to pay Plaintiffs their costs of suit, including attorneys' fees pursuant to 35 U.S.C. § 285.

H.      That Plaintiffs have such other, further and different relief as the Court deems proper under the circumstances.

///

///

///

## JURY DEMAND

### PLAINTIFFS ITEX AND MF& H DEMAND TRIAL BY JURY.

Respectfully submitted,

Dated: *February 29* , 2008.

*Mark W. Hetzler*

Mark W. Hetzler
Jeffrey A. Chelstrom
Fitch, Even, Tabin & Flannery
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone:    312.577.7000
Facsimile:    312.577.7007

Richard L. Mikesell
Law Offices of R. L. Mikesell
14827 Ventura Boulevard, Suite 216
Sherman Oaks, California 91403
Telephone:    (818) 376-0376
Facsimile:    (818) 377-2588

*Attorneys for Plaintiffs, Itex, Inc. and
MF & H Textiles, Inc.*