**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ITEX, INC.**, a Colorado corporation; ) | |
| and **MF&H TEXTILES, INC.**, ) | |
| a Georgia Corporation, ) | |
| ) | Case Number 08 C 1224 |
| Plaintiffs, ) | |
| ) | Judge Elaine E. Bucklo |
| -vs- ) | |
| ) | Magistrate Judge Arlander Keys |
| **WORKRITE UNIFORM COMPANY,** ) | |
| **INC.**, a California corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## WESTEX'S MOTION TO INTERVENE

Westex, Inc. ("Westex") respectfully moves this Court, under the provisions of Rule 24 of the Federal Rules of Civil Procedure, for entry of an Order granting Westex's request to intervene as a Defendant in this case. Westex brings this motion for intervention as of right (under Rule 24(a)) or, in the alternative, for permissive intervention (under Rule 24(b)).

Intervention is proper here because:

- Westex is the lead Defendant in a previously-filed action brought by these *same* Plaintiffs, for alleged infringement of the *same* patent, and which has been pending before Judge Andersen since October 2005 under the caption *Itex, Inc. and MF&H, Inc. v. Westex, Inc., et al.*, Case Number 05 C 6110 (the "First Action");

- The parties named as Defendants in this case (the "Second Action") are all customers or suppliers of Westex, whose alleged infringement is *dependent* upon the outcome of the First Action: namely, whether or not the products manufactured by Westex infringe the patent-in-suit; and

- Indeed, Judge Andersen recently *denied* Plaintiffs' request to amend their complaint in the First-Action by adding the same claims and parties now asserted in the Second Action, and stated that any such claims would be treated as *related* to the First Action and *stayed* pending a decision in that case.

Accordingly, Westex seeks to intervene as a Defendant in this case. Westex further requests that the responsive pleading dates for the parties in this action be deferred, pending Judge Andersen's decision on Westex's motion (filed contemporaneously with this motion) to have this case reassigned to his docket as a related case under Local Rule 40.4.

In further support of this motion, Westex states as follows:

**Background**

1.  Westex and its related companies (Western Piece Dyers and Finishers, and King America Finishing) manufacture and market flame-retardant fabrics. These fabrics are used in protective garments for occupations such as firefighting, the petrochemical industry, and by emergency medical services personnel.

2.  Westex manufactures its flame-retardant fabrics according to the production process set forth in U.S. Patent 4,909,805 (the "'805 Patent"), issued in 1990, for which Westex is a licensee. The '805 Patent discloses a two-step process in which certain fabrics are saturated with phosphorous and other chemicals to obtain flame-retardant properties.

3.  On October 21, 2005, Itex and MF&H filed the First Action against Westex, alleging that Westex's manufacturing process infringes a later patent, U.S. Patent 5,468,545 (the "'545 Patent"), issued in 1995 and held by Itex and MF&H. The '545 Patent discloses a one-step process for treating certain fabrics to obtain flame-retardancy.

4.  On September 27, 2007, Itex and MF&H were granted leave to amend their complaint in the First Action to add Westex's related companies as co-Defendants.

**Procedural Posture**

5. On November 2, 2007, Itex and MF&H again sought to amend their complaint in the First Action, this time to add a number of Westex's customers and suppliers as co-Defendants. (*See* Exhibit A).[1]

6. The claims Itex and MF&H sought to assert against those parties were, like the claim against Westex, claims of alleged infringement of the '545 Patent. (*See* Exhibit A).

7. Westex objected to the proposed amendment on several grounds, including: (a) the claims against its customers and suppliers were by definition dependent upon a determination of whether or not Westex infringed the '545 Patent, and so the claims against Westex should be adjudicated first; (b) given that the case against Westex had been pending since 2005 -- including a stay granted at the request of Itex and MF&H while they pursued a re-examination of the '545 Patent in the U.S. Patent Office -- adding a number of new parties at this stage of the lawsuit would unduly delay its disposition; and (c) seeking to add Westex's customers and suppliers to the lawsuit was, at bottom, an improper attempt to pressure Westex into settlement.

8. On January 31, 2008, Judge Andersen held a hearing in which the Court denied the motion for leave to amend. In that hearing, counsel for Itex and MF&H acknowledged that the claims against Westex and its customers and suppliers were "clearly" related and involved the same subject matter:

> If I go ahead and file lawsuits against the seven defendants [named in the proposed Second Amended Complaint], ***I will report that it is a related case and related to the instant case, and is litigating the validity of the same patent, so it clearly is related***, they would be consolidated. And under the low number rule, they would be consolidated into this case.

---

[1] The proposed Second Amended Complaint submitted by Itex and MF&H in the First Action named the following parties as additional Defendants: Workrite Uniform Company, Inc.; Bulwark; Cintas; Unifirst; G&K Services; Aramark; and Greenwood Mills, Inc. A true and correct copy of the proposed Second Amended Complaint is attached as Exhibit A.

- 3 -

(*See* Exhibit B at 3) (emphasis added).[2]

9. Judge Andersen also specifically addressed the possibility that Itex and MF&H might file their claims against Westex's customers and suppliers in a separate lawsuit (or lawsuits):

> *So if I deny the motion to amend and the new lawsuits are filed and I find them related -- which, based on my principles, if they were pending here, I would* … if I do that, I could still move forward [with the First Action] without awaiting all discovery on those other cases to resolve [the First Action].
>
> \* \* \*
>
> And here is what I am going to do: I am going to deny the motion to file an amended complaint. *If new complaints are filed in this District, as counsel predicts, almost surely I will find them related. That will give me the procedural option of handling them separately*.

(*Id*. at 5, 8-9) (emphasis added).

## The Second Action

10. On February 29, 2008, Itex and MF&H did indeed file their claims against Westex's customers and suppliers in a separate complaint: the instant case (the Second Action).

11. The Second Action is *identical* to the proposed amended complaint that Itex and MF&H sought leave to file in the First Action, but for the addition of two more Defendants. (Carhartt, Inc. and Mount Vernon Mills, Inc.).

12. As such, the complaint in this action alleges infringement of the same patent at issue in the First Action (the '545 Patent), on the same factual and legal basis at issue in the First Action (the supply or use of allegedly infringing fabric manufactured by Westex).

---

[2]   A true and correct copy of the transcript of the January 31, 2008 hearing is attached as Exhibit B.

**Motion to Intervene and
to Defer Responsive Pleading Dates**

13. Westex moves to intervene as a Defendant in this action, and for the responsive pleading dates of all Defendants in this action to be deferred until after Judge Andersen has had an opportunity to rule on Westex's Local Rule 40.4 motion (filed on March 28, 2008) to reassign this case to his docket for further proceedings.

14. Westex brings this motion now -- before the Defendants in this case have been served or are due to answer -- in order to advance judicial economy and to minimize the legal costs those Defendants would incur as a result of being named in this action. If, as Judge Andersen has indicated, this action is reassigned to his docket and stayed until the First Action is resolved, these Defendants may have no cause to file responsive pleadings for some time, if at all.

15. Westex also brings this motion with the support of several of the named Defendants to this action, with whom counsel for Westex has conferred and obtained their permission to represent to this Court that they are in favor of Westex's intervention, as well as a deferral of their responsive pleading dates. None of the Defendants with whom Westex has discussed this matter has any objection to this motion.

<u>Rule 24 to Be Construed Liberally</u>

16. As an initial matter, it is well-established that court should construe motions to intervene "liberally" and "resolve doubts in favor of allowing intervention." *Miami Tribe of Oklahoma v. Walden*, 206 F.R.D. 238, 241 (N.D. Ill. 2001). Accordingly, "a court should not deny a motion to intervene unless it is certain that the proposed intervenor cannot succeed in its case under any set of facts which could be proved under the complaint." *Id*. (citing *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995)).

### Intervention as of Right

17. Under Rule 24(a), upon "timely motion," a court "must permit anyone to intervene who claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a).

18. That is, a motion to intervene as of right should be granted if four elements are present: (i) the motion is timely; (ii) the movant has an interest in the subject matter of the action; (iii) disposition of the action may, as a practical matter, inhibit the movant's ability to protect that interest; and (iv) the named Defendants are not situated to adequately represent that interest. *Id*.

19. All four elements are present here.

#### *The Motion Is Timely*

20. First, this motion is timely. Westex brings this motion within days of the filing of this action, and before any Defendant is due to answer or otherwise plead in response to the complaint.

21. The purpose of the timeliness requirement is "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal," and thus a motion filed before the parties are even at issue is clearly timely. *Lefkowitz v. Wagner*, 385 F.3d 773, 778 (7th Cir. 2005) (timeliness requires only that a putative intervenor "move promptly"); *Miami Tribe*, 206 F.R.D. at 241 (motion timely where filed "shortly after this litigation began, before any party answered or otherwise responded").

*Westex Has Interest which May Be Impaired*
*by the Disposition of this Action*

22. The second element is also met: Westex has an interest in the subject matter of this action, in that the patent infringement claims here are directed against Westex's customers and suppliers, and resolution of those claims depends upon whether or not Westex infringes the '545 Patent: its suppliers cannot induce or contribute to infringement if Westex does not produce infringing goods from the fabrics they supply, and its customers likewise cannot infringe if the Westex fabrics they incorporate into their products are not infringing.

23. The third element is likewise present: Westex's interest in selling its products and maintaining its commercial relationships would obviously be impaired if injunctive or other relief were entered in this action.

24. It is well-established that this interest is precisely the type contemplated by this requirements of Rule 24(a).  *See, e.g., LG Electronics, Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 365 (N.D. Cal. 2002) (manufacturer had interest sufficient to intervene as of right because "the products that it sells will be at the heart of the litigation" and "the injunctive relief sought by the plaintiffs will have direct, immediate and harmful effects upon its legally protectable interests") (citations omitted).

*Only Westex Can Adequately Represent Its Interest*

25. Fourth, no party other than Westex can adequately represent Westex's interest. As the manufacturer of the fabric at issue, Westex is uniquely positioned to provide the information and assert the defenses necessary to defend its interest from the allegations of infringement.  *See, e.g., Id.*, 211 F.R.D. at 365-66 (manufacturer not adequately represented by co-defendants that may lack information regarding design and production of manufacturer's products, or lack knowledge or standing to assert all defenses).

26.     Because all four elements of Rule 24(a) are satisfied here, Westex is entitled to intervene as of right as a Defendant in this action.

### Permissive Intervention

27.     Alternatively, Westex seeks permissive intervention.  Under Rule 24(b), upon "timely motion," a court "may permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. Pro. 24(b).

28.     "Permitting the intervention by a manufacturer in a patent infringement case against its customers is well-supported by case law."  *HBB Limited Partnership v. Ford Motor Co.*, 1992 U.S. Dist. Lexis 17543, *4-5 (N.D. Ill. 1992) (citations omitted).

29.     Permissive intervention is well-taken here.  As counsel for Itex and MF&H has acknowledged, this action and the First Action arise out of the same acts of alleged infringement (by Westex) of the same patent (the '545 Patent).  (*See* Exhibit B at 3).  Westex has raised affirmative defenses and counterclaims that the '545 patent is invalid, and that Westex's manufacturing process does not infringe the '545 Patent.  Again, this is exactly the type of situation contemplated by Rule 24(b). *See, e.g., Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (permitting intervention by software manufacturer whose "claims of invalidity and unenforceability raise the same questions of law and fact as similar claims by Defendants because they are all asserted against the [patent-in-suit]").

30.     Permissive intervention is proper when the movant has either a claim *or* defense that shares a common question of law *or* fact with the subject matter of this action.  Westex far exceeds this threshold -- it is undisputed that Westex has claims *and* defenses that share common questions of law *and* fact with this action.  Therefore, Westex should be permitted to intervene as a Defendant in this action.

<u>Pleading Setting Forth Claim or Defense as to which Intervention Is Sought</u>

31.     Rule 24(c) provides that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. R. Civ. Pro. 24(c).

32.     Westex's Answer, Affirmative Defenses and Counterclaim in the First Action sets forth Westex's defenses to the allegations of patent infringement at issue here, as well as its claims of invalidity and non-infringement, among others.[3]

<u>Motion to Defer Responsive Pleading Dates</u>

33.     If this Court grants Westex's request to intervene, Westex also moves this Court to defer the responsive pleading dates for the Defendants in this action.

34.     Westex has already filed a motion before Judge Anderson to reassign this case to his docket for disposition. As Judge Andersen indicated in the January 31, 2008 hearing in the First Action, that reassignment may obviate the need for these Defendants to respond to the claims asserted in this action until after the First Action is decided (unless the First Action is decided in favor of Westex, in which case there will be no need for these Defendants to answer at all).

---

[3]     A true and correct copy of Westex's Answer, Affirmative Defenses and Counterclaim in the First Action is attached as <u>Exhibit C</u>.

Support of Named Defendants

35.     Finally, as set forth above, Westex makes this request to intervene, and to defer responsive pleading dates, with the support of several of the Defendants named in this action, with whom counsel for Westex has conferred and obtained their permission to represent to this Court that they are in favor of Westex's intervention, and of a deferral of their responsive pleading dates.[4]

WHEREFORE, Westex respectfully requests that this Court enter an Order granting Westex's request to intervene as a Defendant in this case, and deferring the responsive pleading dates for all Defendants until further notice, pending Judge Andersen's decision on Westex's Local Rule 40.4 motion to reassign this action to his docket for further proceedings.

Respectfully submitted,

WESTEX INC.


By:     s/ Christopher E. Paetsch
        One of Its Attorneys

Alan L. Unikel
Christopher E. Paetsch
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: March 28, 2008

20213885

---

[4] As of the date of filing of this motion, counsel for Westex had conferred with counsel for the following Defendants, all of which support Westex's motion: Workrite; G&K; Aramark; Unifirst; Bulwark; and Greenwood Mills.  None of the Defendants with whom Westex has conferred had any objection to this motion.

## **CERTIFICATE OF SERVICE**

I, Christopher E. Paetsch, an attorney, certify that I served the attached **WESTEX'S MOTION TO INTERVENE** via facsimile and first-class U.S. Mail from 131 South Dearborn, Suite 2400, Chicago, Illinois, before 5:00 p.m. today, March 28, 2008, upon the following counsel of record:

>Richard L. Mikesell
>14827 Ventura Boulevard
>Suite 216
>Sherman Oaks, California 91403
>Fax: (818) 377-2588
>
>Mark W. Hetzler
>Jeffrey Chelstom
>FITCH EVEN TABIN & FLANNERY
>120 South LaSalle Street
>Suite 1600
>Chicago, Illinois 60603
>Fax: (312) 577-7007
>
>
>s/ Christopher E. Paetsch
>Christopher E. Paetsch