# EXHIBIT B

```
 1            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3      ITEX, INC. and MF&H TEXTILES,  ) No. 05 C 6110
        INC.,                          )
 4                                     )  Chicago, Illinois
                         Plaintiffs,   )  January 31, 2008
 5                                     )  2:00 o'clock p.m.
                                       )
 6      -vs-                           )
                                       )
 7                                     )
                                       )
        WESTEX, INC., KING AMERICA     )
 8      FINISHING, INC. and WESTERN    )
        PEIRCE DYERS & FINISHERS,      )
 9      INC.,                          )
                                       )
10                       Defendants.   )

11
                  TRANSCRIPT OF PROCEEDINGS - RULING
12              BEFORE THE HONORABLE WAYNE R. ANDERSEN

13      APPEARANCES:

14      For the Plaintiffs:    LAW OFFICES OF R.L. MIKESELL
                               14827 Ventura Boulevard
15                             Suite 216
                               Sherman Oak, CA 91403
16                             BY: MR. RICHARD L. MIKESELL

17

18      For the Defendants:    SEYFARTH SHAW, LLC
                               55 East Monroe Street
19                             Suite 4200
                               Chicago, Illinois 60603
20                             BY: MR. CHRISTOPHER E. PAETSCH

21

22

23      Court Reporter:        ROSEMARY SCARPELLI
                               219 South Dearborn Street
24                             Room 1412
                               Chicago, Illinois 60604
25                             (312) 435-5815
```

```
 1        (Proceedings heard in chambers.)
 2        THE COURT:  Okay.  This is case number 5 C 6110,
 3   Itex and MF&H Textiles versus Westex, King America Finishing,
 4   Western Pierce Dyers and Finishers, Inc.
 5        And I am establishing a new world record for the
 6   time to take to determine if somebody should be able to file
 7   an amended complaint.  And I have a couple questions.  The --
 8        MR. MIKESELL:  Your Honor, if I can interrupt.
 9   When we had our colloquy last time, December 20th, the Court
10   inquired of me as to whether the plaintiff had any licensees,
11   and I said no.  That was in error.  My clients have informed
12   me there is a licensee.
13        THE COURT:  Okay.
14        MR. MIKESELL:  I don't know how that affects your
15   thinking, but --
16        THE COURT:  Probably not much.
17        MR. MIKESELL:  Okay.
18        THE COURT:  So here is the -- here is some of the
19   questions:  First of all, is -- what is the plaintiffs' main
20   concern?  Do you think that the -- through the passage of
21   time your rights against these new defendants are expiring?
22        MR. MIKESELL:  There is two concerns, your Honor.
23   One is, yes, the statute of limitations is, of course,
24   running and may be cutting off damages as to some of the
25   defendants.  That is one issue.
```

1  The second issue that concerns us is, as the Court
2  is aware, the second tier of defendants are adding a great
3  deal of value to -- to the treated fabric sold to them by the
4  present defendants, adding that value by making garments,
5  shirts and pants. Accordingly, there is substantial damages
6  being generated by the second tier of defendants, totally
7  independent of the damages being generated by the first tier
8  of defendants.
9  THE COURT: And what is -- why not just file
10 lawsuits against them?
11 MR. MIKESELL: That is -- well, what I mentioned
12 last time was that if I go ahead and file lawsuits against
13 the seven defendants, I will report that it is a related case
14 and related to the instant case, and if litigating the
15 validity of the same patent, so it clearly is related, they
16 would be consolidated. And under the low number rule they
17 would be consolidated into this case. It just seemed easier
18 to make a motion in this case than to file a whole new
19 lawsuit in Chicago and have it consolidated.
20 THE COURT: The --
21 MR. PAETSCH: Your Honor, this is Chris Paetsch.
22 If I might address that.
23 THE COURT: Sure.
24 MR. PAETSCH: In our -- when we first dealt with
25 this leave to amend issue, I mean we cited in our briefs in

1    opposition to the motion to amend the patent case law that
2    talks about this customer suit exception which places, if you
3    will, a premium on claims against the manufacturer, in this
4    scenario Westex, because that is truly the key to the supply
5    chain. And that exception -- the customers' rule, rather,
6    holds that the -- because those claims will deal with, as
7    Richard just alluded to, the validity, infringement and so
8    forth, issues on which the other claims may well depend in
9    great part, if not entirely, claims against the manufacturer
10    ought to be -- proceed to judgment first even if they are the
11    later-filed claims.
12        THE COURT: How quickly are we getting to -- to the
13    point -- let's say absent these two defendants, how -- where
14    do we stand in our case in terms of resolving it?
15        MR. MIKESELL: Well, your Honor, the two new
16    defendants were served and answered -- and I have it here --
17    the -- they filed their 26(a) statement on January 15th of
18    this year, that is to say, about ten days ago.
19        THE COURT: What about the -- I mean from the
20    defendants' point of view, the manufacturing defendant, how
21    close are you to being ready for trial or disposition of the
22    case?
23        MR. PAETSCH: Your Honor, I mean we -- we have
24    already exchanged written discovery. Plaintiffs have taken
25    several depositions. In our view what needs to happen very

1  quickly is to have a Markman hearing and construe these
2  claims because in our view -- and again you are -- not to go
3  on a tangent, but part of the reason that we continued from
4  last time to today was to give the parties a chance to settle
5  or at least to discuss the possibility. And I think we are
6  so far apart that that is not going to happen because from
7  the Westek's and our defendants' point of view, all are
8  related companies. You know, we view this case as one that
9  can and should be resolved after claim construction or some
10 sort of dispositive motion at that point. And plaintiffs
11 view it as a potentially very, very lucrative case. So our
12 discussions didn't really get very far.
13      But coming back to what I was saying is that to
14 expedite that process and maybe clarify the chances of
15 resolution or other -- dismissal of the case, we think that
16 the claim -- a Markman hearing is job number one.
17      THE COURT: So if I -- if I deny the motion to
18 amend and the new lawsuits are filed and I find them related,
19 which, based on my principles, if they were pending here, I
20 would -- obviously, if they are pending somewhere else, there
21 could be motions to transfer venue that those judges might
22 grant, in which case they would probably get found related,
23 my concern with -- with -- if I do that, I could still move
24 forward without awaiting all discovery on those other cases
25 to resolve your case.

1    MR. MIKESELL: Well, your Honor, there is -- there
2  is another point. One of the seven defendants is not
3  downstream, it is upstream. The Greenwood Mills is alleged
4  to be a contributory infringer in that it provides the unique
5  fabric which is subsequently treated to make it flame
6  resistant. That whole line of cases cited -- first, we don't
7  think applies to customers who add substantial value, but,
8  secondly, doesn't apply to contributory infringers who are
9  supplying the fabric necessary to produce the flame resistant
10 fabric.
11   MR. PAETSCH: Your Honor, I guess I don't see that
12 as particularly meaningful. I think that if those -- if
13 those other claims, other lawsuits, were filed after this
14 one, I mean we fall back upon the general presumption in
15 patent cases under Genentech case in the Federal Circuit,
16 which is that if a first-filed case, you know, has
17 commonality of issues and the like, perhaps such that it is
18 related and all that and can be dispositive, that it should
19 proceed first.
20   I mean I think I understand -- I certainly
21 understand if plaintiff believes that the time is running
22 that it wishes to preserve its rights by filing claims, but
23 the case law that we are relying on, defendants, says that if
24 those claims were to be filed and they should then be stayed
25 pending the outcome of this case.

```
 1          THE COURT:  Are the putative defendants willing to
 2   enter into forebearance agreements with the plaintiff, do we
 3   know --
 4          MR. MIKESELL:  We don't that, your Honor.
 5          THE COURT:  Do they know you are think -- they
 6   don't know if you are thinking of suing -- they don't know
 7   you are thinking of suing them?
 8          MR. MIKESELL:  That's correct.
 9          Your Honor, I would also point out that if we
10   proceed just against Westex and Westex raises the defense of
11   invalidity and that defense is not sustained, in other words,
12   the patent is found to be valid, and then we proceed against
13   the other defendants, they are perfectly entitled to raise
14   the same defense.  There is no collateral estoppel there.
15   And we have another lawsuit with more experts over what is
16   obvious and what is not obvious on the same patent, a patent
17   which --
18          THE COURT:  Well, wait a minute.  Don't blame me.
19   You could have sued them all to begin with.  You didn't have
20   to wait three years.  So -- so, you know, you are -- it is
21   like you are trying to put me in a position that I am going
22   to create this.  You could have sued them all a lot earlier
23   than this it seems to me.
24          MR. PAETSCH:  Your Honor, this is Chris Paetsch
25   speaking.  I think that is correct, particularly because this
```

1  motion for leave to add those defendants came at a time when
2  no information about suppliers or customers had been asked
3  for or produced in the discovery that we have undergone; in
4  other words, they didn't find out these names from us in
5  discovery, with the exception of the supplier. So all those
6  other downstream customers they must have known beforehand.
7      MR. MIKESELL: Well, your Honor, we found very
8  little out in discovery. I don't know whether the Court has
9  noticed, but the plaintiffs have made three motions to compel
10 so far in this case and discovery is -- is proceeding very
11 slowly. My first notice of deposition was in February of
12 last year ever. I was finally allowed to take the deposition
13 -- or they finally was -- were ordered to give me the
14 deposition in August of -- of last year.
15     THE COURT: Well, let's get the defendants'
16 position clear right now.
17     MR. PAETSCH: Okay.
18     THE COURT: Does the defendant want to move forward
19 expeditiously with this lawsuit, yes or no?
20     MR. PAETSCH: Absolutely.
21     THE COURT: Okay. I am going to talk to Judge
22 Denlow then and say he is not to tolerate any dragging of
23 feet on discovery by you.
24     And here is what I am going to do: I am going to
25 deny the motion to filed an amended complaint. If new

```
 1  complaints are filed in this District, as counsel predicts,
 2  almost surely I will find them related.  That will give me
 3  the procedural option of handling them separately.  If I see
 4  the defendant taking his time, I am sure not going to fight
 5  with the plaintiff taking his time.  Then it will all drag
 6  out.  If the defendant is honorably stepping to the plate and
 7  getting the plaintiff information because you think you got a
 8  good case and you have a good chance to win, I do not think
 9  having been in this for two and a half years, your -- two and
10  a quarter years, that you should be slowed down, which you
11  inevitably would be, if other defendants are added.
12          So I am going to deny the motion to file an amended
13  complaint.  And I am going to tell Judge Denlow he is not to
14  tolerate any -- any slowdown by the defendant at all.  And if
15  he does -- he discovers that, then we will just consolidate
16  it all for trial and after I retire, which is only in a
17  couple years, then some other judge will resolve it.
18          So that is my decision.
19          MR. MIKESELL:  All right, your Honor.
20          THE COURT:  Thanks a lot.  And I am sorry to take
21  so long to do this.  But I usually am really liberal on this,
22  but I feel the age of the lawsuit is such that I would rather
23  get this going.
24          And if, once these other people are in, they want
25  to agree to some kind of a stay because that is more
```

```
 1   efficient with respect to certain things but maybe
 2   participate in hearings that we might have, you know, we will
 3   figure out a way to do justice in those situations.  So it is
 4   certainly not without prejudice.  But based on the
 5   defendants' assertion that they are eager to win this case
 6   without harassing the plaintiff at all, I will deny the
 7   motion.
 8           MR. MIKESELL:  Thank you, your Honor.
 9           THE COURT:  Thanks.  That is all right.  We will
10   enter just a minute order and then we -- you can get a
11   transcript of this so that when the defendants start dragging
12   their feet, you could say, wait a minute, here is what you
13   did.
14           MR. PAETSCH:  I am certain your Honor means if the
15   defendant ever were to drag our feet.
16           THE COURT:  That is what I mean.
17           MR. PAETSCH:  We have no intention of dragging our
18   feet.
19           THE COURT:  Exactly.
20           MR. PAETSCH:  Thank you, your Honor.
21           THE COURT:  But I notice you are a lawyer saying
22   you have no intention.  You are not saying you are not going
23   to drag your feet.  If you ask a lawyer if he has a cup of
24   coffee in his hands, he is going to say, I appear to.
25           So -- okay.  Thanks.
```

1    MR. MIKESELL: Thank you, your Honor.

2    MR. PAETSCH: Thank you for your time, your Honor.

3    THE COURT: Bye.

4    (Which were all the proceedings heard.)

5                      CERTIFICATE

6    I certify that the foregoing is a correct transcript

7    from the record of proceedings in the above-entitled matter.

8

9    *Rosemary Scarpelli*        2/8/08
     Rosemary Scarpelli           Date
10   Official Court Reporter