File No. 3006728-DAJ/jys

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC., a Colorado Corporation; and MF & H TEXTILES, INC., a Georgia Corporation, | ) ) ) |
| Plaintiffs, | ) Case No. 08 C 1224 ) |
| vs. | ) Judge: Wayne R. Andersen ) |
| WORKRITE UNIFORM COMPANY, INC., a California Corporation; BULWARK, a Division of VF Corporation, a Delaware Corporation; CINTAS, an Ohio Corporation; UNIFIRST, a Massachusetts Corporation; G & K SERVICES, a Minnesota Corporation; ARAMARK, a Delaware Corporation; GREENWOOD MILLS, INC., a South Carolina Corporation; MOUNT VERNON MILLS, INC., a South Carolina Corporation; and CARHARTT, INC., a Michigan Corporation, | ) Magistrate Judge: Morton Denlow ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO STAY THE PROCEEDINGS

The Defendant, Mount Vernon Mills, Inc., a Maryland Corporation (hereinafter referred to as "Mount Vernon"), by its attorneys, David A. Johnson and SmithAmundsen LLC, respectfully moves to stay the proceedings in this matter. In support of this motion, Mount Vernon states:

## Procedural History

### *Itex, Inc. v. Westex, Inc.*

1. On October 21, 2005, Itex and MF & H Textiles, Inc. (hereinafter "Plaintiffs") filed suit against Westex, Inc. ("Westex") in the United States District Court for the Northern District of Illinois, Case No. 05 C 6110, alleging that Westex infringed on U.S. Patent No. 5,468,545 (hereinafter referred to as "the Patent") (hereinafter referred to as the "First Action"). (A true and correct copy of the Complaint in the First Action is attached hereto as Exhibit A.)

2. Shortly after the First Action was filed, it was stayed pending re-examination of the Patent.

3. The stay was lifted in 2007, and on October 4, 2007, Plaintiffs filed a First Amended Complaint, naming additional defendants. (A true and correct copy of the First Amended Complaint is attached hereto as Exhibit B.)

4. In response to the First Amended Complaint, Westex filed its Answer, Affirmative Defenses, and Counterclaim. (A true and correct copy of Westex's Answer, Affirmative Defenses, and Counterclaim are attached hereto as Exhibit C.)

5. In its Affirmative Defenses, Westex alleges that the Patent cannot be infringed because it is invalid. (See Exhibit C.)

6. Additionally, in its Counterclaims, Westex seeks a declaratory judgment that the Patent is invalid. (See Exhibit C.)

7. On November 2, 2007, Plaintiffs sought to amend their First Amended Complaint to name additional defendants. (A true and correct copy of Plaintiffs' Motion for Leave to File a Second Amended Complaint is attached hereto as Exhibit D.)

8. Westex objected to Plaintiffs' Motion, claiming that the amendment would unduly delay the disposition of the First Action, and that a judicial determination of the Patent's invalidity would effectively dispose of all relevant claims asserted against any and all defendants. (A true and correct copy of Westex's Motion in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint is attached hereto as Exhibit E.)

9. On December 19, 2007, and then again on January 31, 2008, the Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint. (True and correct copies of the Orders denying Plaintiffs' Motion for Leave to File a Second Amended Complaint are attached hereto as Exhibit F.)

### *Itex, Inc. v. Workrite Uniform Co., Inc.*

10. On February 29, 2008, Plaintiffs filed a second suit in the same district court as the First Action against those defendants they were denied leave to name in the First Action and additional defendants, including Mount Vernon, for infringement of the same patent, U.S. Patent No. 5,468,545 (hereinafter referred to as the "Second Action"). (A true and correct copy of the Complaint in the Second Action is attached hereto as Exhibit G.)

### Relatedness of First and Second Actions

11. On March 28, 2008, Westex filed a Motion for Finding of Relatedness between the two actions, and sought to have both actions handled by Judge Wayne R. Andersen. (A true and correct copy of the Motion for Finding of Relatedness and Reassignment is attached hereto as Exhibit H.)

12. On April 3, 2008, an Order was entered granting Westex's Motion for Finding of Relatedness and Reassignment, and the Second Action was reassigned to Judge Andersen. (A true and correct copy of the April 3, 2008 Order is attached hereto as Exhibit I.)

## Mount Vernon's Motion to Stay the Proceedings in the Second Action Should Be Granted Pursuant to Established Case Law

13.     Mount Vernon moves to stay of the Second Action until the Court rules on the validity of Plaintiffs' Patent, based on Westex's Affirmative Defenses and Counterclaim. (See Exhibit C.)

14.     In *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), the Supreme Court held that a person charged with patent infringement may raise as an estoppel a declaration of invalidity in a prior action even though he was not in any way connected with it. *Lambert v. Conrad*, 536 F. 2d 1183 at 1186 (7th Cir. 1976). *T.J. Smith and Nephew Ltd. v. Ferris Corp.*, 1987 U.S. Dist LEXIS 5979 at 6-7 (N.D. Ill. 1987).

15.     In *T.J. Smith and Nephew*, the Court stayed proceedings in a patent infringement action filed in this District, in recognition of an on-going patent infringement action filed in the Northern District of New York in which the validity of the same patent was at issue. In support of its ruling, the Court stated: "[I]f the New York court declares the [patent] invalid, there will be no need to litigate any of the patent infringement claims in this suit. Concurrent litigation here and in the New York with respect to the validity of the [patent] would be duplicitous and a waste of the court's and the parties' time and energy." *Id.*

16.     In the case at bar, requiring the Second Action to proceed before the Court renders a judgment on the Patent's validity in the First Action would result in the "needless duplication of time and effort by [the Court] and litigants." *Id.* at 9.

17.     Further, requiring the Second Action to proceed before the Court renders a judgment on the Patent's validity in the First Action would result in undue delay to the parties in the First Action, as acknowledged by both Westex and the Court. In Westex's Motion for Finding of Relatedness and Reassignment, Westex's counsel stated that: "[H]aving both cases

4

pending before one judge will provide the Court with the ability to manage the cases for the swiftest possible resolution: namely, staying the Second Action until after the prompt resolution of the First Action, which Westex believes will be entirely dispositive of the Second Action." See Paragraph 27 of Exhibit H. Additionally, during the hearing on Plaintiffs' Motion for Leave to File a Second Amended Complaint in the First Action on January 31, 2008, the Court stated:

> If [Westex] is honorably stepping to the plate and getting the plaintiff information because you think you have a good case and you [have] a good chance to win, I do not think having been in this for two and a half years…two and a quarter years, that you should be slowed down, which you inevitably would be, if other defendants were added.

See Exhibit H citing 01/31/08 Hrg. Transcript at 5, 8-9 in *Itex, Inc. v. Westex, Inc.,* 05 C 6110.

### Conclusion

18. In both the First Action and the Second Action, Plaintiffs allege that the defendants infringed on the same patent, U.S. Patent No. 5,468,545.

19. The First Action was filed on October 21, 2005, and since that time, significant discovery has been completed.

20. In the First Action, Westex filed an Affirmative Defense alleging that the Patent is invalid, and a Counterclaim seeking a declaratory judgment that the Patent is invalid.

21. The Second Action was filed on February 29, 2008, two-and-a-half years after the filing of the First Action.

22. Mount Vernon, a defendant in the Second Action, now seeks a stay of the Second Action until the Court rules on the validity of the Patent in the First Action.

23. The issuance of a stay of the Second Action is proper under established case law, and would avoid "needless duplication of time and effort by [the Court] and litigants" and undue

delay in the resolution of the First Action, as acknowledged by both the Court and Westex. *T.J. Smith and Nephew Ltd.*, 1987 U.S. Dist LEXIS 5979 at 9.

WHEREFORE, Defendant, Mount Vernon Mills, Inc., respectfully requests that this Honorable Court enter an Order staying Case No. 08 C 1224 until this Court has ruled on the validity of the Patent at issue, as raised in Case No. 05 C 6110, currently before this Court, and for such other relief as this Court may deem just and proper.

Dated: April 18, 2008

                                                  SmithAmundsen LLC

                                    By:    s/ David A. Johnson
                                                    Attorneys for Defendant
                                                    Mount Vernon Mills, Inc.

David A. Johnson, ARDC No. 6184135
Matthew W. Horn, ARDC No. 6294719
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 Fax