UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC. and<br>MF & H TEXTILES, INC.,<br><br>　　　　Plaintiffs,<br><br>-vs-<br><br>WESTEX, INC.,<br>KING AMERICA FINISHING INC.; and<br>WESTERN PIECE DYERS & FINISHERS, INC.<br><br>　　　　Defendants.<br>_____<br>WESTEX, INC.,<br>KING AMERICA FINISHING, INC.; and<br>WESTERN PIECE DYERS & FINISHERS, INC.<br><br>　　　　Counter-Plaintiffs,<br><br>-vs-<br><br>ITEX, INC. and<br>MF & H TEXTILES, INC.,<br><br>　　　　Counter-Defendants. | Case Number 05 C 6110<br><br>Judge Wayne R. Andersen<br><br>Mag. Judge Morton Denlow |

### WESTEX, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, WESTEX, INC. ("Westex") submits the following as its Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint filed by Plaintiffs:

### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Westex submits the following as its Answer and Affirmative Defenses to the First Amended Complaint:



1. This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of U.S. Patent Number 5,468,545. This action arises under the Patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the above-named Patent.

**ANSWER:** Westex admits that this is a civil action alleging infringement of U.S. Patent Number 5,468,545 (the "'545 Patent"). Westex denies that this action has merit, and denies the remaining allegations of Paragraph 1.

### Identity of Parties

2. Plaintiff, ITEX, INC. (hereinafter ITEX) is incorporated under the laws of the State of Colorado having its principal place of business at Englewood, Colorado. Plaintiff ITEX makes and sells products in the field of flame-retardant fabrics.

**ANSWER:** Westex lacks information sufficient to admit or deny the state of Itex's incorporation or the location of its principal place of business. Westex denies the remaining allegations of Paragraph 2.

3. Plaintiff, MF & H TEXTILES, INC. (hereinafter MF & H) is incorporated under the laws of the State of Georgia, having its principal place of business at Butler, Georgia. Plaintiff MF & H also makes products in the field of flame-retardant fabrics.

**ANSWER:** Westex lacks information sufficient to admit or deny the state of MF & H's incorporation or the location of its principal place of business. Westex denies the remaining allegations of Paragraph 3.

4. Upon information and belief, Defendant WESTEX, INC. (hereinafter WESTEX) is incorporated under the laws of the State of Illinois, having its principle [sic] place of business in Chicago, Illinois. Defendant WESTEX makes and sells products in the fields of flame-retardant fabrics.

**ANSWER:** Admitted.

5. Upon information and belief, Defendant, KING AMERICA FINISHING, INC. (hereinafter KING), is incorporated under the laws of the State of Illinois, having a place of business in Chicago, Illinois. Defendant KING makes and sells products in the fields of flame-retardant fabrics.

**ANSWER:** Admitted.

6.     Upon information and belief, Defendant, WESTERN PIECE DYERS & FINISHERS, INC. (hereinafter WESTERN), is incorporated under the laws of the State of Delaware, having its principle [sic] place of business in Chicago, Illinois. Defendant WESTERN makes and sells products in the fields of flame-retardant fabrics.

**ANSWER:**     Admitted.

### Jurisdiction and Venue

7.     This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1331, 1338(a), 1391(b) and (c), and 1400(b). Requiring Defendants to respond to this action will not violate due process. Defendants maintain business operations within this district. Defendants' relationship with the State is therefore sufficient to make it reasonable for Defendants to defend the action in this District pursuant to 28 U.S.C. § 1400(b).

**ANSWER:**     Westex admits that this is a civil action seeking relief under the Patent Act, but denies that this action has merit and that any relief is warranted. Westex admits the remaining allegations of Paragraph 7.

### Case or Controversy

8.     Plaintiffs ITEX and MF & H are the owners by valid assignment of U.S. Patent No. 5,468,545 (hereinafter referred to as the '545 patent), entitled "Long Wear Life Flame-Retardant Cotton Blend Fabrics", duly and legally issued on November 21, 1995, a copy of which is attached hereto as Exhibit A, such that they may enforce the '545 patent.

**ANSWER:**     Denied.

9.     On information and belief, Defendants WESTEX, KING, and WESTERN have developed, manufactured, used, offered to sell, and/or sold, and continue to develop, manufacture, use, offer to sell, and/or sell, flame-retardant cotton blend fabrics under the name Ultra-Soft.

**ANSWER:**     Westex admits that it sells flame-retardant cotton under the brand names INDURA® and INDURA® ULTRA SOFT®, which are federally registered trademarks owned by Westex. Westex denies the remaining allegations of Paragraph 9.

10. On information and belief, Defendants WESTEX, KING, and WESTERN intend to develop, manufacture, import, use, offer for sale, and/or sell flame-retardant cotton blend fabrics in the future.

**ANSWER:** Admitted.

11. On information and belief, Defendants WESTEX, KING, and WESTERN have been infringing and/or inducing or contributing to the infringement of at least one claim of the '545 patent, in violation of 35 U.S.C. § 271, by their activities in connection with the Ultra-Soft products.

**ANSWER:** Denied.

12. Defendants were apprised of the existence of the '545 patent months ago, and did not cease their infringing activities. Their infringement is thus willful, and defendants are liable for treble damages.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1.     <u>Lack of Standing</u>. Neither Itex nor MF & H has standing to bring an action for infringement of the '545 Patent. Neither Itex nor MF &H is the inventor of the '545 Patent, and neither Itex nor MF & H is an assignee of the ownership rights in the '545 Patent. Because neither of the named plaintiffs to this action has the standing to bring this action, this case must be dismissed.

2.     <u>Patent Invalidity</u>. The '545 Patent is invalid, on the grounds that the invention disclosed in the '545 Patent fails to meet the conditions of patentability set forth in the Patent Act, including but not limited to Sections 101, 102, 103, 112 and/or 132. Because the '545 Patent is invalid, it cannot be infringed and this case must be dismissed.

3.     <u>Inequitable Conduct</u>. The '545 Patent is unenforceable, because it was obtained through inequitable conduct, including but not limited to the intentional failure to disclose material prior art to the U.S. Patent and Trademark Office. Because the '545 Patent is unenforceable, there can be no remedy for infringement and this case must be dismissed.

4.     <u>Equitable Estoppel</u>. This action is barred in its entirety by the doctrine of equitable estoppel. Itex and MF & H originally accused Westex of infringing the '545 Patent at least as early as January 5, 2000, but did not pursue an infringement action at that time. Itex and MF & H subsequently confirmed to Westex, at least as early as November 7, 2001, that no infringement action had been filed against Westex and that no such action was imminent. By these and other activities and omissions, including but not limited to their acquiescence in Westex's practice of the allegedly infringing method over such an extended period of time, Itex and MF & H induced Westex to rely upon the absence of an infringement action. Westex would be unfairly prejudiced if its reliance upon the conduct of Itex and MF & H were disregarded and

this action permitted to proceed. Because Itex and MF & H are equitably estopped from pursuing this action, this case must be dismissed.

5.   Laches. The recoverable damages in this action are limited to future damages by the doctrine of laches. Itex and MF & H knew of Westex's allegedly infringing activities long prior to January 5, 2000, but did not accuse Westex of infringing the '545 Patent until January 5, 2000. Additionally, Itex and MF & H did not pursue an infringement action against Westex at that time. Itex and MF & H subsequently confirmed to Westex, at least as early as November 7, 2001, that no infringement action had been filed against Westex and that no such action was imminent. By these and other activities and omissions, including but not limited to their acquiescence in Westex's practice of the allegedly infringing method, and their unreasonable delay in bringing this infringement action, Itex and MF & H would cause unfair and material prejudice to Westex if they were permitted to proceed with this action and recover damages for past infringement. Because Itex and MF & H are barred from recovering such damages by the doctrine of laches, any recovery against Westex must be limited to future damages only.

WHEREFORE, Westex requests that this Court enter judgment in its favor as to the First Amended Complaint filed by Itex and MF & H, and:

1.   Dismiss with prejudice the First Amended Complaint in its entirety;

2.   Award Westex its costs and reasonable attorneys' fees incurred pursuant to 35 U.S.C.§ 285 and Fed. R. Civ. P. 54; and

3.   Grant Westex such other and further relief as this Court deems just and proper under the circumstances.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ITEX, INC. and<br>MF & H TEXTILES, INC.,<br><br>　　　　Plaintiffs,<br><br>-vs-<br><br>WESTEX, INC.,<br>KING AMERICA FINISHING INC.; and<br>WESTERN PIECE DYERS & FINISHERS, INC.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number 05 C 6110<br><br>Judge Wayne R. Andersen<br><br>Mag. Judge Morton Denlow |
| WESTEX, INC.,<br>KING AMERICA FINISHING, INC.; and<br>WESTERN PIECE DYERS & FINISHERS, INC.<br><br>　　　　Counter-Plaintiffs,<br><br>-vs-<br><br>ITEX, INC. and<br>MF & H TEXTILES, INC.,<br><br>　　　　Counter-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## COUNTERCLAIMS

Defendant/Counter-Plaintiff WESTEX, INC. ("Westex") alleges as follows as its Counterclaims against Plaintiffs/Counter-Defendants ITEX, INC. ("Itex") and MF & H TEXTILES, INC. ("MF & H"):

### Overview

1. By these Counterclaims, Westex seeks the entry of two declaratory judgments regarding U.S. Patent No. 5,468,545 ("the '545 Patent"): (i) that the '545 Patent is invalid; and that (ii) Westex does not infringe the '545 Patent.

### Jurisdiction

2. This Court has jurisdiction of the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

3. Further, by filing their Complaint against Westex alleging infringement of the '545 Patent, Itex and MF & H have submitted themselves to the jurisdiction of this Court.

### The Parties

4. Westex is an Illinois corporation with its principal place of business located in Chicago, Illinois.

5. Itex is a Colorado corporation with its principal place of business located in Englewood, Colorado.

6. MF & H Textiles, Inc. is a Georgia corporation with its principal place of business located in Butler, Georgia.

### COUNT I
### Declaratory Judgment of Invalidity of '545 Patent

7. Westex repeats and realleges Paragraphs 1-6 above as if fully set forth as Paragraph 7 of this Count I of its Counterclaims.

8. By filing their Complaint alleging infringement by Westex of the '545 Patent, Itex and MF & H have created an actual controversy between the parties regarding the validity of the '545 Patent.

9. The '545 Patent is invalid, on the grounds that the invention disclosed and claimed in the '545 Patent fails to meet the conditions of patentability set forth in the Patent Act, including, but not limited to, Sections 101, 102, 103, 112 and/or 132.

10. Accordingly, this Court should enter a declaratory judgment holding that the '545 Patent is invalid.

## COUNT II
### Declaratory Judgment of Non-Infringement of '545 Patent

11.     Westex repeats and realleges Paragraphs 1-6 above as if fully set forth as Paragraph 11 of this Count II of its Counterclaims.

12.     By filing their Complaint alleging infringement by Westex of the '545 Patent, Itex and MF & H have created an actual controversy between the parties regarding infringement of the '545 Patent.

13.     Westex has not infringed any claim of the '545 Patent.

14.     Westex has not contributed to the infringement of any claim of the '545 Patent by others, and has not induced others to infringe any claim of the '545 Patent.

15.     Accordingly, this Court should enter a declaratory judgment holding that Westex has not infringed, contributorily infringed, or induced infringement of the '545 Patent.

WHEREFORE, Westex requests that this Court enter judgment in its favor as to these Counterclaims, and:

1.     Declare that the '545 Patent, including each claim thereof, is invalid;

2.     Declare that Westex has not infringed, contributorily infringed, or induced infringement of, the '545 Patent or any claim thereof;

3.     Award Westex its costs and reasonable attorneys' fees incurred, pursuant to 35 U.S.C.§ 285 and Fed. R. Civ. P. 54; and

4.     Grant Westex such other and further relief as this Court deems just and proper under the circumstances.

>                    Respectfully submitted,
>
>                    WESTEX, INC.
>
>
>                    By:   s/ Christopher E. Paetsch
>                          One of Its Attorneys

Alan L. Unikel
Christopher E. Paetsch
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: October 31, 2007

CH2 20208824.1

## CERTIFICATE OF SERVICE

    I, Christopher E. Paetsch, an attorney, certify that I served the attached **WESTEX, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** via the Court's electronic filing system before 5:00 p.m. today, October 31, 2007, upon the following counsel of record:

> Mark W. Hetzler
> Jeffrey A. Chelstrom
> FITCH, EVEN, TABIN & FLANNERY
> 120 S. LaSalle Street, Suite 1600
> Chicago, Illinois 60603

and via facsimile and U.S. Mail upon the following:

> Richard L. Mikesell
> Law Offices of R.L. Mikesell
> 14827 Ventura Blvd.
> Suite 216
> Sherman Oaks, CA 91403
> Fax: 818/377-2588

                                                          s/ Christopher E. Paetsch