UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC. and <br> MF & H TEXTILES, INC., <br><br> Plaintiffs / Counter-Defendants, <br><br> -vs- <br><br> WESTEX, INC., <br> KING AMERICA FINISHING, INC.; and <br> WESTERN PIECE DYERS & <br> FINISHERS, INC., <br><br> Defendants / Counter-Plaintiffs. | Case Number 05 C 6110 <br><br> Judge Wayne R. Andersen <br><br> Magistrate Judge Morton Denlow |

### OPPOSITION TO
### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs' motion for leave to file a second amended complaint is not well-taken and should be denied.

More than two years after filing this action, and after already having amended their Complaint once, Plaintiffs now seek leave to add seven new parties and claims to this case. Importantly, *none* of those parties is involved in any way with the manufacture of products that allegedly infringe the patent-in-suit. The *current Defendants* are the only parties alleged to manufacture infringing goods (namely, by treating certain fabrics with a chemical process to make the fabrics flame-retardant). The proposed new parties are alleged only to be Defendants' *suppliers or customers* -- that is, they either sell raw, unprocessed fabric, or they purchase fabric that has been processed by others.

This lack of connection to the alleged infringement is enough by itself to deny the motion for leave to amend. But there are many other reasons to deny the motion. In particular: Plaintiffs' motion is untimely; it would result in undue prejudice to the current Defendants; and



the proposed Second Amended Complaint is deficient on its face, thereby rendering the amendment futile.

Whether or not to grant leave to amend is within the discretion of this Court. *See* Fed. R. Civ. Pro. 15(a). This Court should exercise that discretion to deny Plaintiffs' motion, so that this case can move quickly to trial.

## I. PROCEDURAL POSTURE

Plaintiffs filed this action more than two years ago, on October 21, 2005. (*See* Complaint). However, the dispute between Plaintiffs and Defendants long pre-dates even the filing of the original Complaint.

### Accusations of Infringement as Early as 1996

In fact, representatives of Plaintiffs, both principals and counsel, had put the original Defendant (Westex) on notice of alleged infringement as early as August 1996, but did not file suit. (*See* Declaration of George Renaldi III at ¶¶ 10-11).[1] Years later, in January 2000, Plaintiffs continued to assert that Westex was manufacturing infringing products, but still did not file suit. (*Id.* at ¶ 12). As a result, when Plaintiffs did file this action in 2005, it was ***more than nine years*** after Plaintiffs had first claimed that any of the Defendants infringed the patent-in-suit. (*Id*). Given that extreme delay, Defendants each have raised the affirmative defenses of laches and estoppel as complete or partial bars to Plaintiffs' claims against them. (*See* Answers, Affirmative Defenses and Counterclaims).

---

[1] The Declaration of George Renaldi III is attached as Exhibit A to this Opposition. Mr. Renaldi is a director or officer of each of the three Defendants.

### Plaintiffs' Request for Stay of Discovery

Nevertheless, shortly after filing the action in 2005, Plaintiffs asked for and received a stay of discovery to await the results of a re-examination of the patent-in-suit, which Plaintiffs had filed with the U.S. Patent Office. (*See* 02/23/06 Minute Order). The stay of discovery was lifted on January 23, 2007. (*See* 01/23/07 Minute Order). Since that time, Plaintiffs have propounded and received answers to multiple sets of written discovery, and have also taken several depositions.

### First Amended Complaint

On September 21, 2007, Plaintiffs moved for leave to file an Amended Complaint. (*See* 09/21/07 Motion). Plaintiffs' motion for leave to file an Amended Complaint sought to add two new parties as Defendants, both because they shared common ownership with the original Defendant (Westex) and because they participated in the manufacture of the allegedly infringing goods. (*Id*). Plaintiffs' motion for leave to file an Amended Complaint was supported by a declaration of Plaintiffs' counsel stating that the identities of the proposed new parties were unknown to Plaintiffs until they were identified as a result of discovery in this action, which established that they were a part of Westex's manufacturing operation. (*Id*). On September 27, 2007, this Court granted the motion for leave to file a First Amended Complaint. (*See* 09/27/07 Minute Order).

### Proposed Second Amended Complaint

Now, Plaintiffs have moved for leave to file a Second Amended Complaint. Plaintiffs' proposed Second Amended Complaint would add an additional *seven* parties to the case as Defendants. (*See* Motion for Leave to File Second Amended Complaint at 2).

3

Plaintiffs do not allege that these proposed new parties practice, or have any other involvement with, the manufacture of any allegedly infringing goods. (*Id*). Only the current Defendants are alleged to manufacture infringing goods by processing certain fabrics with chemicals to make them flame-retardant. (*Id*). Instead, the proposed new parties allegedly either supply raw fabric that could be used in the manufacturing process, or they purchase fabric that has already been subjected to the manufacturing process and thus made flame-retardant. (*See Id.* at Declaration of R. Mikesell, ¶ 3).[2] In other words, Plaintiffs' proposed basis for adding these new parties is that they are Defendants' supplier and customers. (*Id*).

However, the proposed Second Amended Complaint does not allege that this "supplier" actually provides fabric to Defendants. (*See* Proposed Second Amended Complaint at ¶¶ 13, 21). Nor does the proposed Second Amended Complaint allege that these "customers" actually purchase any infringing products from Defendants, or from anyone else. (*See Id.* at ¶¶ 8-12, 19-20). Indeed, ***nowhere does the proposed Second Amended Complaint allege that these "customers" infringe the patent-in-suit in any way.*** (*See Id*).

Moreover, although Plaintiffs' current motion is supported by a declaration of counsel, that declaration does *not* state that the identities of the proposed new parties were unknown to Plaintiffs until they were identified in discovery. (Declaration of R. Mikesell at ¶ 3). Indeed, none of the written discovery propounded by Plaintiffs to date even sought the identity of Defendants' customers or suppliers. As such, it is clear that these proposed new parties must have been known to Plaintiffs long ago -- certainly prior to the discovery phase of this case, and

---

[2] Plaintiffs' motion asserts that one of the proposed additional parties (Greenwood Mills) "supplies the fabric," and that the other six proposed additional parties (Bulwark, Workrite, Cintas, Unifirst, G&K Services and Aramark) are clothing companies or commercial laundries which "buy the infringing fabric" or garments made from it. (Declaration of R. Mikesell at ¶ 3).

4

likely prior to the filing of this action, and possibly as far back as Plaintiffs' first assertions of infringement in August 1996. Yet Plaintiffs have provided *no reason* why they should be added to the case at this late date. (*See* Motion for Leave to File Second Amended Complaint).

## II.  STANDARD OF DECISION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend is appropriate "when justice so requires." Fed. R. Civ. Pro. 15(a). However, this does "not mandate that leave be granted in every case." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (affirming denial of leave to file amended complaint). In particular, leave to amend may be denied if any of four grounds is present: (i) "undue delay," (ii) "bad faith or dilatory motive," (iii) "undue prejudice to the opposing party by virtue of allowance of the amendment," or (iv) if the amendment would be futile. *Id.*

Each of these four grounds is present here. First, Plaintiffs have presented no reason why the proposed amendment could not have been made more than two years ago, when this action was originally filed. Second, it is long-recognized in patent infringement cases that the addition of a defendant-manufacturer's suppliers or customers is not necessary to obtain complete relief in the event the plaintiff prevails, and that any claims against such parties should be dismissed or stayed pending resolution of the case against the defendant-manufacturer. Third, the current Defendants would be unduly prejudiced if the amendment were allowed, because it would dramatically increase the time and cost required to bring this case to trial, and it has already been pending for over two years, at least in part due to Plaintiffs' own request for a stay. And Fourth, the amendment would be futile, because the proposed Second Amended Complaint fails to state a claim against at least six of the new parties Plaintiffs would add to the case.

Any one of these reasons is fatal to Plaintiffs' motion. All of them are present here. Accordingly, Plaintiffs' motion should be denied.

### III. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs' motion for leave to file a Second Amended Complaint fails for each of the four reasons set forth above: (i) it is untimely; (ii) there is no good-faith basis for the proposed amendment; (iii) Defendants would suffer undue prejudice if the motion were granted; and (iv) the proposed amendment is futile.

#### A. Undue Delay

A proposed amendment is improper when a plaintiff delays in seeking leave to amend and lacks a reasonable basis for the delay. *See, e.g., Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Indeed, "the longer the delay, the greater the presumption against granting leave to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194-95 (7th Cir. 1992) (citations omitted) (observing that "[t]he burden to the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party"). This is particularly so where the proposed amendment is not based upon recently-discovered information. *Bethany*, 241 F.3d at 861 (leave to file amended complaint properly denied where plaintiff "offered no explanation for waiting" to seek to amend).

As set forth above, Plaintiffs' motion for leave to amend is *not* supported by any statement that the proposed additional parties were unknown to Plaintiffs until they were identified in discovery. Nor could any such statement be credited, given that Plaintiffs did not even propound any discovery regarding the identities of Defendants' suppliers and customers.[3]

---

[3] Defendants' fabric supplier was discussed in two of the depositions taken by Plaintiffs in August 2007. However, even if Plaintiffs had not known the identity of the supplier prior to that time, Plaintiffs still did not seek to add the supplier in their previous motion for leave to amend

6

The implication is clear: Plaintiffs were aware of the proposed additional parties all along, or at least prior to the re-opening of discovery in January 2007, yet waited until now -- their second motion for leave to amend -- to seek to add them to the case, without any explanation for the delay.

In all, it has been ***over nine years*** since Plaintiffs first accused Defendants of infringing the patent-in-suit, and ***over two years*** since Plaintiffs filed this action. And while discovery was stayed for a time after the action was filed, the stay was due at least in part to Plaintiffs' own request. Moreover, Plaintiffs have not even used discovery to pursue the identities of potential additional parties, and so the stay of discovery cannot explain Plaintiffs' delay. Far shorter delays than this have been held to be too long. *See, e.g., Park*, 297 F.3d at 613 (plaintiff's "six month wait constituted undue delay"); *Perrian*, 958 F.2d at 194-95 (sixteen month delay "is fatal" to motion for leave to amend); *Kleinhans v. Lisle Savings Profit Trust*, 810 F.2d 618, 625 (7th Cir. 1987) (undue delay where plaintiff "failed to provide a reasonable explanation" for waiting "eighteen months after the filing of his original complaint" to seek leave to amend). To wait years, indeed nearly a decade, before seeking to add these parties is unconscionable.

Plaintiffs have delayed unduly in seeking leave to amend, and their motion should be denied for this reason alone.

B.   **No Good-Faith Basis for Proposed Amendment**

Denial of leave to amend is also appropriate here because there is no good-faith basis for adding the proposed new parties (or, for that matter, any other companies who might transact business with Defendants). Indeed, under the long-recognized "customer suit" doctrine, patent

---

(which was filed after those depositions), and have offered no explanation why it would be appropriate to add such a party now.

infringement claims against manufacturers such as Defendants should proceed alone in the first instance, with any ancillary claims against those manufacturers' customers either dismissed or stayed pending the outcome of that case. Moreover, even if Plaintiffs were to prevail against Defendants, they would receive complete relief without the need to add Defendants' suppliers or customers to this action. As such, there is no good-faith basis for Plaintiffs' attempt to add the proposed new parties to the case -- it is simply an effort to put undue pressure on Defendants.

1. **Manufacturers Are the True Parties-in-Interest**

The Federal Circuit has long recognized the "customer suit" doctrine in patent infringement cases, under which "litigation against ... the manufacturer of [allegedly] infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This is because:

> ***In reality, the manufacturer is the true defendant in the customer suit*** ... it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Id.* (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1976), *cert. denied*, 434 U.S. 860, 98 S. Ct. 185 (1977) (emphasis added)).

Additionally, because a patent owner's claims against the manufacturer's customers are entirely dependent upon a finding that the manufacturer is producing infringing goods, resolution of issues such as "patent infringement" and "patent validity" raised by the manufacturer will necessarily "resolve these issues as to their customers." *Katz*, 909 F.2d at 1464. The "customer suit" doctrine therefore provides that claims against a manufacturer's customers should be dismissed or stayed pending the outcome of the claims against the manufacturer. *Id.* (severing and staying claims against manufacturer's customers); *accord, Tri-Tronics Co. v. MacGregor & Co.*, 1990 U.S. Dist. Lexis 9141, *9-10 (N.D. Ill. 1990) (dismissing claims against distributor

and customer "pending resolution of the principal dispute between the patent owner and the allegedly infringing manufacturer"). That is:

> Plaintiff's action is premised on the allegation that the [goods] sold by defendant were manufactured in violation of plaintiff's patent rights. [Defendant's customer] was merely the re-seller of the goods initially produced by [defendant], and a resolution in favor of [defendant] ... would release defendants of liability here. In other words, this case appears to fit the classic mold of the customer suit....

*Whelen Tech., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 716 (N.D. Ill. 1990) (severing and staying claims against defendant's customers and distributors); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185-86, 72 S. Ct. 219, 222 (1952) (noting manufacturer's interest in preventing "harassment of his customers").

This case is no different. The Defendants already in the case are the *only* parties who manufacture allegedly infringing fabrics. (*See* Declaration of G. Renaldi III at ¶¶ 5-7). *None* of the proposed new parties practices, or is otherwise involved with, Defendants' manufacturing process. (*Id*). *None* of the proposed new parties has any ownership or other relationship with Defendants. (*Id.* at ¶¶ 8-9). The *only* alleged connection that any of the proposed new parties have to this dispute is that they may supply unprocessed fabric to Defendants or purchase processed fabric from them. (*See* Proposed Second Amended Complaint at ¶¶ 19-21).

As such, any claims Plaintiffs may have against these proposed new parties are derivative of, and entirely dependent upon, Plaintiffs' claims against Defendants. There is no basis to add those new claims and parties to this action -- indeed, doing so would unnecessarily expand and complicate these proceedings. *See Katz*, 909 F.2d at 1464 (claims against customers severed and stayed; "[a]lthough there may be additional issues involving the [customers], their prosecution will be advanced if [plaintiff] is successful on the major premises being litigated [against the manufacturer], and may well be mooted if [plaintiff] is unsuccessful"); *accord, Whelen*, 741 F.

Supp. at 716. Accordingly, Plaintiffs' motion for leave to add those new parties should be denied.[4]

### 2. Complete Relief Available from Defendants

There is another reason why Plaintiffs' attempt to add these new parties is not in good faith: adding those parties would in no way increase Plaintiffs' recovery or otherwise enable Plaintiffs to receive greater relief than is already available from the current Defendants.

In the event that Plaintiffs prevail in their claims of patent infringement against Defendants, it is well-established that any damages available to Plaintiffs necessarily would be based upon the infringing products sold by Defendants, and therefore recoverable directly from Defendants. *See, e.g., L.D. Schrieber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313, 316 (W.D. Pa. 1980); *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 421 (S.D.N.Y. 1986). As the *L.D. Schrieber* court held in denying a motion for leave to amend to add a defendant other than the manufacturer of the allegedly infringing cheese products:

> As the actual manufacturer of the processed cheese in question, [defendant] is the primary party of interest in this case. [Plaintiff] could therefore obtain complete relief, in the form of either an injunction or damages, without the inclusion of [another party] in this lawsuit. Moreover, any judgment obtained by [plaintiff] against [defendant] would serve as collateral estoppel against other alleged infringers, eliminating the need for extensive additional litigation by [plaintiff] in order to enforce its rights.

*L.D. Schrieber*, 495 F. Supp. at 316 (citing *Blonder-Tongue Labs. Inc. v. University Foundation*, 402 U.S. 313, 91 S. Ct. 1434 (1971)).

These same principles apply here. A recovery of damages from Defendants -- the manufacturers -- would make Plaintiffs whole, and there has not been (and could not be) any

---

[4] Alternatively, if Plaintiffs were given leave to assert claims against these seven new parties, those claims should be stayed pending resolution of the claims against Defendants. *Katz*, 909 F.2d at 1464; *Tri-Tonics*, 1990 U.S. Dist. Lexis 9141 at *10-11.

11

suggestion to the contrary. *See, e.g., Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) (damages award against manufacturer provides "full single recovery" for infringement, including sales to customers).

Likewise, there is no reason to believe that Plaintiffs would even be entitled to injunctive relief, in light of the Supreme Court's recent holding that there can be no "categorical grant" of injunctive relief to prevailing plaintiffs in patent infringement cases. *See eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1841 (2006) (error to issue permanent injunction against patent infringement without analyzing facts under "traditional four-factor framework" governing injunctive relief). Yet even if an injunction ultimately were appropriate, any injunctive relief issued against Defendants would be sufficient to bind their suppliers, customers, and any other parties "in active concert and participation" with them, without the need for those parties to be made defendants to this action. *See* Fed. R. Civ. Pro. 65(d); *see also Black & Decker, Inc. v. Robert Bosch Tool*, 2006 U.S. Dist. Lexis 94554, *10 (N.D. Ill. 2006) (St. Eve, J.) (non-party customers put on notice of injunction against defendant-manufacturer).

Plaintiffs have not asserted that the proposed new parties are necessary to a complete adjudication of their claims, and no such assertion would be well-taken. The fact is that there is no reason for those parties to be added to this case, and Plaintiffs' motion for leave to amend should be denied for this lack of good-faith alone.

### C.   Undue Prejudice to Defendants

Plaintiffs' motion for leave to amend also would result in undue prejudice to the existing Defendants. "Undue prejudice occurs when the amendment brings in entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint" and if "the additional discovery" required by the amendment would

be "expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 2007 U.S. Dist. Lexis 77353, *69 (N.D. Ill. 2007) (citations omitted) (Filip, J); *see also Continental Bank v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) ("If the amendment were allowed, the [opposing party] would have been put to additional discovery, and thus prejudiced").

Undue prejudice is particularly likely where the party seeking to amend has waited "a long period of time before the filing of a proposed amendment," and if that proposed amendment and "would add entirely new parties to the litigation." *Jacobs*, 2007 U.S. Dist. Lexis 77353 at *72-73 (citing *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)).

The proposed Second Amended Complaint would result in undue prejudice to Defendants on *all* of these grounds:

- New Claims. The proposed amendment would add six new claims of patent infringement and one new claim of inducing infringement;

- New Parties. The proposed amendment would add seven new parties to the case, in addition to the two new parties that were added as a result of Plaintiffs' last motion to amend. Moreover, all of these seven new parties are out-of-state entities with their principal places of business located outside Illinois;

- Delay. As set forth above, Plaintiffs have not offered, and cannot offer, any reasonable explanation for having waited so long before seeking leave to bring additional parties into the case; and

- Additional Discovery. The proposed amendment would require a massive amount of discovery as to all of the new parties and claims, and that discovery would be both time-consuming and expensive -- particularly when compared to the discovery and time to trial required by the original Complaint and even the First Amended Complaint, which added only parties related to the original Defendant.

There can be no question that allowing the proposed amendment would expand the scope, expense, and time-to-trial of this case to an impermissible degree. Because Plaintiffs' proposed

amendment would result in undue prejudice to the existing Defendants, their motion for leave to amend should be denied for this reason alone.

### D.     The Proposed Amendment Would Be Futile

Finally, it is appropriate to deny leave to amend if the proposed amendment "would be futile." *Brunt v. Service Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). A proposed amendment would be futile if the proposed amended complaint "would not survive a motion to dismiss." *Id.*, 284 F.3d at 720-21.

Here, the proposed Second Amended Complaint would not survive a motion to dismiss as to at least six of the proposed additional defendants. This is because in order to state a claim for patent infringement, a complaint must, among other things, "describ[e] the means by which the defendants allegedly infringe" the patent-in-suit. *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *see also* 35 U.S.C. § 217(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... infringes the patent"). However, the proposed Second Amended Complaint does not include any such allegations as to the six "customers" that Plaintiffs seek leave to add:

- Two of the proposed new parties (Workrite and Bulwark) are alleged only to "[o]n information and belief ... have made and sold products in the fields of flame-retardant garments and intend to continue doing so;" and

- Four of the proposed new parties (Cintas, Unifirst, G&K and Aramark) are alleged only to "[o]n information and belief ... have rented flame-retardant clothing, and intend to continue to do so."

(Proposed Second Amended Complaint at ¶¶ 19-20). Nowhere in the proposed amendment are these parties alleged to have infringed the patent-in-suit in any way. (*See Id.* at ¶¶ 7-12, 19-20). Indeed, nowhere in the proposed amendment is the patent-in-suit even mentioned with regard to these parties or their alleged activities. (*Id*).

Accordingly, if it were filed, the proposed Second Amended Complaint would be dismissed under Rule 12(b)(6) for failure to state a claim against these parties. As such, the proposed amendment is futile and should not be permitted.

## IV.   CONCLUSION

The case law developed under Rule 15(a) provides that leave to amend may be denied for any of four reasons: (i) undue delay; (ii) bad faith or dilatory motive; (iii) undue prejudice to the opposing parties; and (iv) if the proposed amendment would be futile. Each of these reasons is present here. Therefore, Defendants respectfully request that this Court deny with prejudice Plaintiffs' motion for leave to file a Second Amended Complaint, so that this matter can move quickly to trial.

In the alternative, Defendants request that if this Court allows the proposed amendment, the claims against the additional parties be stayed pending resolution of the claims against Defendants, upon which the new claims are entirely dependent.

Respectfully submitted,

WESTEX, INC.; WESTERN PIECE DYERS & FINISHERS, INC.; and KING AMERICA FINISHING INC.


By:   s/ Christopher E. Paetsch

Alan L. Unikel
Christopher E. Paetsch
Seyfarth Shaw LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: November 30, 2007

20210028

## CERTIFICATE OF SERVICE

I, Christopher E. Paetsch, an attorney, certify that I served the attached **OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** via the Court's electronic filing system before 5:00 p.m. today, November 30, 2007, upon the following counsel of record:

>Mark W. Hetzler
>Jeffrey A. Chelstrom
>FITCH, EVEN, TABIN & FLANNERY
>120 S. LaSalle Street, Suite 1600
>Chicago, Illinois 60603

and via facsimile and U.S. Mail upon the following:

>Richard L. Mikesell
>Law Offices of R.L. Mikesell
>14827 Ventura Blvd.
>Suite 216
>Sherman Oaks, CA 91403
>Fax: 818/377-2588

>s/ Christopher E. Paetsch