UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC., a Colorado corporation; and MF&H TEXTILES, INC., a Georgia Corporation,<br><br>　　　　Plaintiffs,<br><br>-vs-<br><br>WESTEX INC., an Illinois corporation,<br><br>　　　　Defendant. | Case Number 05 C 6110<br><br>Judge Wayne R. Andersen<br><br>Magistrate Judge Morton Denlow |

## WESTEX'S MOTION FOR FINDING OF RELATEDNESS AND REASSIGNMENT

Westex respectfully moves this Court, under Local Rule 40.4, for an Order: (i) finding related to this action the recently-filed Case Number 08 C 1224, captioned *Itex, Inc. and MF&H Textiles, Inc. v. Workrite Uniform Company, et al.* and pending before Judge Bucklo; and (ii) reassigning that case to this Court's docket.

This Court has already addressed this very situation, in the course of the January 31, 2008 hearing on Plaintiffs' motion seeking to amend their complaint in this case (the "First Action") by adding as Defendants several of Westex's customers and suppliers.[1] This Court denied the motion to amend, and indicated how this Court would proceed in the event that Plaintiffs nevertheless went ahead and filed those claims as a separate action:

> *So if I deny the motion to amend and the new lawsuits are filed and I find them related -- which, based on my principles, if they were pending here, I would ...* if I do that, I could still move forward [with the First Action] without awaiting all discovery on those other cases to resolve [the First Action].

\* \* \*

---

[1]　A true and correct copy of Plaintiffs' proposed Second Amended Complaint in this action is attached as <u>Exhibit A</u>.


EXHIBIT H

> And here is what I am going to do: I am going to deny the motion to file an amended complaint. ***If new complaints are filed in this District, as counsel predicts, almost surely I will find them related. That will give me the procedural option of handling them separately.***

(01/31/08 Hrg. Transcript at 5, 8-9) (emphasis added).[2]

On February 29, 2008, Plaintiffs did file those additional claims as a separate lawsuit in this District. The complaint in the newly-filed lawsuit (the "Second Action") is the same as the proposed Second Amended Complaint in this action, except for the addition of two more Defendants.[3] As the counsel for Plaintiffs has acknowledged, the claims in the Second Action are "clearly" related to those in this action:

> If I go ahead and file lawsuits against the seven defendants [named in the proposed Second Amended Complaint], *I will report that it is a related case and related to the instant case, and is litigating the validity of the same patent, so it clearly is related*, they would be consolidated. And under the low number rule, they would be consolidated into this case.

(*See* Exhibit B at 3) (emphasis added).

Because the Second Action is "related" to this case under Local Rule 40.4(a), and likewise suited for reassignment to this Court under Local Rule 40.4(b), Westex requests that this Court transfer the Second Action to this Court's docket for disposition.

In further support of its motion, Westex states as follows:

**Background**

1.  Westex and its related companies (Western Piece Dyers and Finishers, and King America Finishing) manufacture and market flame-retardant fabrics. These fabrics are used in

---

[2]   A true and correct copy of the transcript of the January 31, 2008 hearing is attached as Exhibit B.

[3]   A true and correct copy of the Second Action is attached as Exhibit C.

-2-

protective garments for occupations such as firefighting, the petrochemical industry, and by emergency medical services personnel.

2. Westex manufactures its flame-retardant fabrics according to the production process set forth in U.S. Patent 4,909,805 (the "'805 Patent"), issued in 1990, for which Westex is a licensee. The '805 Patent discloses a two-step process in which certain fabrics are produced by saturating them with phosphorous and other chemicals to obtain flame-retardant properties.

3. On October 21, 2005, Itex and MF&H filed the First Action against Westex, alleging that Westex's manufacturing process infringes a later patent, U.S. Patent 5,468,545 (the "'545 Patent"), issued in 1995 and held by Itex and MF&H. The '545 Patent discloses a one-step process for producing certain flame-retardant fabrics.

4. Shortly after the filing of the First Action, discovery and other activity in the First Action were stayed, at the request of Plaintiffs, while Plaintiffs sought a re-examination of the '545 Patent. (*See, e.g.*, 02/23/06 Minute Order).

5. The stay on the First Action was lifted in 2007. Since that time, Plaintiffs have obtained written and deposition discovery, and continued to propound additional discovery.

6. On September 27, 2007, Itex and MF&H were granted leave to amend their complaint in the First Action to add Westex's related companies as co-Defendants.

### The Proposed Second Amended Complaint

7. On November 2, 2007, Itex and MF&H again sought to amend their complaint in the First Action, this time to add a number of Westex's customers and suppliers as co-Defendants. (*See* Exhibit A).[4]

---

[4] The proposed Second Amended Complaint submitted by Itex and MF&H in this case sought to add the following parties as Defendants: Workrite Uniform Company, Inc.; Bulwark; Cintas; Unifirst; G&K Services; Aramark; and Greenwood Mills, Inc. (*See* Exhibit A).

-3-

8. The claims Itex and MF&H sought to assert against those parties were, like the claim against Westex, claims of alleged infringement of the '545 Patent. (*See* Exhibit A).

9. Westex objected to the proposed amendment on several grounds, including: (a) the claims against its customers and suppliers were, by definition, dependent upon a determination of whether or not *Westex* infringed the '545 Patent, and so the claims against Westex should be adjudicated first; (b) given that the case against Westex had been pending since 2005 -- including the stay granted at the request of Itex and MF&H -- adding a number of new parties at this stage of the lawsuit would unduly delay its disposition; and (c) seeking to add Westex's customers and suppliers to the lawsuit was, at bottom, an improper attempt to pressure Westex into settlement. (*See* 11/30/07 Opposition to Motion for Leave to File Second Amended Complaint).

10. On January 31, 2008, this Court held a telephonic hearing, in which this Court denied the motion for leave to file the Second Amended Complaint.

11. In that hearing, counsel for Itex and MF&H acknowledged that the claims against Westex and its customers and suppliers were "clearly" related, and involved the same subject matter:

> If I go ahead and file lawsuits against the seven defendants [named in the proposed Second Amended Complaint], *I will report that it is a related case and related to the instant case, and is litigating the validity of the same patent, so it clearly is related*, they would be consolidated. And under the low number rule, they would be consolidated into this case.

(*See* Exhibit B at 3) (emphasis added).

12. This Court also expressed its view of how to proceed in the event that Itex and MF&H filed their claims against Westex's customers and suppliers in a separate lawsuit (or lawsuits):

> *So if I deny the motion to amend and the new lawsuits are filed and I find them related -- which, based on my principles, if they were pending here, I would ... if I do that, I could still move forward [with the First Action] without awaiting all discovery on those other cases to resolve [the First Action].*
>
> * * *
>
> And here is what I am going to do: I am going to deny the motion to file an amended complaint. *If new complaints are filed in this District, as counsel predicts, almost surely I will find them related. That will give me the procedural option of handling them separately.*
>
> * * *
>
> If [Westex] is honorably stepping to the plate and getting the plaintiff information because you think you [have] a good case and you have a good chance to win, I do not think having been in this for two and a half years ... two and a quarter years, that you should be slowed down, which you inevitably would be, if other defendants were added.

(*Id.* at 5, 8-9) (emphasis added).

### The Second Action

13. On February 29, 2008, Itex and MF&H did indeed file their claims against Westex's customers and suppliers in the form of a separate complaint, the Second Action. (*See* Exhibit C).

14. The Second Action is *identical* to the proposed Second Amended Complaint that Itex and MF&H sought leave to file in the First Action, but for the addition of two more Defendants. (Carhartt, Inc. and Mount Vernon Mills, Inc.). (*Compare* Exhibits A, C).

15. As such, the Second Action alleges infringement of the same patent at issue in the First Action (the '545 Patent), on the same factual and legal basis at issue in the First Action (the supply or use of allegedly infringing fabric manufactured by Westex).

- 5 -

16.     Contemporaneously with the filing of this motion, Westex also moved to intervene as a Defendant in the Second Action, and has requested that the Court (Judge Bucklo) in that case defer responsive pleading dates until this Court has had an opportunity to decide the issue of reassignment raised by this motion.

**The First Action and Second Action Are "Related"
under Local Rule 40.4(a)**

17.     Under Local Rule 40.4(a), two cases may be related "if one or more" of the following conditions are met:

(1)     the cases involve the same property;

(2      the cases involve some of the same issues of fact or law;

(3)     the cases grow out of the same transaction or occurrence; or

(4)     in class action suits, one or more of the classes involved in the cases is or are the same.

Local Rule 40.4(a)(1)-(4).

18.     These cases are not class actions. However, the other three criteria of Local Rule 40.4(a) all apply here:

(1)     Both cases involve the same "property," namely the '545 Patent. *Accord, Lincoln Nat'l Life Ins. Co. v. Transamerica Financial Life Ins. Co.*, 2007 U.S. Dist. Lexis 50122, * 2-3 (N.D. Ind. 2007) (relatedness test satisfied because cases involved alleged infringement of same patent);

(2)     Both cases grow out of the same issues of fact *and* law, namely whether or not the '545 Patent is valid, and whether or not the flame-retardant fabrics produced by Westex infringe the claims of the '545 Patent, *Accord, Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (consolidation of cases involving validity, infringement of same patent due to "common issues of fact and law"); and

     (3)    Both cases grow out of the same transaction or occurrence, namely the production, sale and distribution by Westex of the flame-retardant fabrics at issue. *Accord, Civix-DDI, Inc. v. Expedia, Inc.*, 2005 U.S. Dist. Lexis 9493, *9 n.3 (N.D. Ill. 2005) (infringement claims involving same patent and technology share "logical relationship" and therefore arise out of "same transaction or occurrence").

(*See* Exhibits A, B, C).

19. Even one such commonality would suffice to find these cases "related" under Local Rule 40.4(a). The First Action and Second Action share far more issues of fact and law than that. *See, e.g., Teacher's Retirement System of Louisiana v. Black*, 2004 U.S. Dist. Lexis 10259, *6 (N.D. Ill. 2004) (cases "related" where they arose from same allegedly unlawful conduct by same parties, and involved claims sounding in same legal theories).

20. Furthermore, as set forth above, counsel for Plaintiffs has acknowledged that the cases are related. (*See* Exhibit B at 3).

21. Accordingly, this Court should find that the First Action and Second Action are "related cases" under Local Rule 40.4(a).

### The Second Action Should Be Reassigned to this Court Under Local Rule 40.4(b)

22. "Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of this Court." *Teacher's Retirement System of Louisiana*, 2004 U.S. Dist. Lexis 10259 at *5-6.

23. Under Local Rule 40.4(b), a case may be reassigned if each of the following four criteria is met:

     (1)    both cases are pending in this Judicial District;

     (2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are capable of disposition in a single proceeding.

Local Rule 40.4(b)(1)-(4).

24. All of these criteria are met here.

25. The First consideration is present, because the Second Action is pending in this same Judicial District.

26. As for the Second factor, the handling of both cases by this Court would clearly result in a substantial saving of judicial time and effort. As this Court indicated during the January 31st hearing, the cases are so closely related (if not the same) in their issues of fact to be determined and issues of law to be decided, that it would be most efficient to have all such issues pending before the same judge.

27. Moreover, as this Court also noted at the January 31st hearing, having both cases pending before one judge will provide the Court with the ability to manage the cases for the swiftest possible resolution: namely, staying the Second Action until after prompt resolution of the First Action, which Westex believes will be entirely dispositive of the Second Action.[5]

28. The Third element is also present here for the same reasons: as this Court has observed, the designation of the Second Action as related to this case is unlikely to delay in any way the swift disposition of this case.

---

[5] To this end, it is important to note that since the January 31st hearing, discovery has moved forward quickly in this action. Both parties have propounded and responded to written discovery, and Westex provided Plaintiffs with the opportunity to inspect the Westex manufacturing facility and obtain several years' worth of fabric production samples for testing regarding infringement. At the March 20, 2008 status before Magistrate Judge Denlow regarding the progress of discovery, counsel for Plaintiff acknowledged that Westex has indeed been responsive and cooperative in moving discovery forward quickly.

29. Finally, the <u>Fourth</u> criterion is applicable here, because in the event that this Court elected to determine the claims in the First Action and Second Action in one proceeding, their common issues of law and fact -- including, but not limited to, the claims in the Second Action being dependent upon the same determinations of validity and non-infringement raised in the First Action -- render them capable of being so determined.

30. Accordingly, this Court should direct that the Second Action be reassigned to this Court's docket under Local Rule 40.4(b).

WHEREFORE, Westex respectfully requests that this Court enter an Order: (i) finding related to this action the recently-filed Case Number 08 C 1224, captioned *Itex, Inc. and MF&H Textiles, Inc. v. , et al.* and pending before Judge Bucklo; and (ii) reassigning that case to this Court's docket for disposition.

                                          Respectfully submitted,

                                          WESTEX INC.

                              By:    s/ Christopher E. Paetsch
                                    One of Its Attorneys

Alan L. Unikel
Christopher E. Paetsch
SEYFARTH SHAW LLP
131 South Dearborn
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: March 28, 2008

20214407

## CERTIFICATE OF SERVICE

I, Christopher E. Paetsch, an attorney, certify that I served the attached **WESTEX'S MOTION FOR FINDINGS OF RELATEDNESS AND REASSIGNMENT** via facsimile and the Court's electronic filing system before 5:00 p.m. today, March 28, 2008, upon the following counsel of record:

>Richard L. Mikesell
>14827 Ventura Boulevard
>Suite 216
>Sherman Oaks, California 91403
>Fax: (818) 377-2588
>
>Mark W. Hetzler
>Jeffrey Chelstom
>FITCH EVEN TABIN & FLANNERY
>120 South LaSalle Street
>Suite 1600
>Chicago, Illinois 60603
>Fax: (312) 577-7007


>s/ Christopher E. Paetsch
>Christopher E. Paetsch