IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC. and MF & H TEXTILES, INC., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:08-cv-01224 |
| ) | |
| v. ) | The Honorable Wayne R. Andersen |
| ) | |
| WORKRITE UNIFORM COMPANY, INC., ) | Magistrate Judge Morton Denlow |
| BULWARK, a Division of VF Corporation, ) | |
| CINTAS, UNIFIRST, G & K SERVICES, ) | |
| ARAMARK, GREENWOOD MILLS, INC., ) | |
| MOUNT VERNON MILLS, INC., and ) | |
| CARHARTT, INC., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' OPPOSITION TO DEFENDANT MOUNT VERNON MILLS, INC.'S
MOTION TO STAY THE PROCEEDINGS AND MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONSOLIDATION WITH CIVIL ACTION NO. 05 C 6110

I.   INTRODUCTION

As explained further below, a stay of the proceedings in this case will more than likely lead to additional and duplicative Judicial effort. While the Defendant Mount Vernon Mills ("Mt. Vernon") suggests a stay would avoid duplication of time and effort by the Court because a finding of invalidity of US Patent No. 5,468,545 ("the '545 Patent") in Case No. 05 C 6110 ("the first case") would be dispositive of this case ("the second case") (*see* Motion to Stay The Proceedings, ¶¶ 17 and 23), this motion is not about the effect an invalidity holding of the '545 Patent will have on Judicial economy, but what effect a validity holding will have on Judicial economy.

The '545 Patent has already been found valid by the United States Patent and Trademark Office ('USPTO") in three separate examination proceedings (*i.e.*, (1) the original patent examination, (2) a first reexamination proceeding, and (3) a second reexamination proceeding initiated by Defendant Westex). Therefore, staying the second case will likely lead to duplicate

1

discovery, duplicate *Markman* hearings, and duplicate validity motions.  Because not all defendants in the second case are within the Westex chain of commerce, Judicial economy will be best served by denying this motion, consolidating the first and second cases, and addressing all validity issues in a single consolidated proceeding so that validity and *Markman* rulings will be binding on all parties.

II.     MOTION FOR CONSOLIDATION

Filed concurrently with this opposition brief, Plaintiffs filed a motion to consolidate the first and second cases under Rule 42 of the Federal Rules of Civil Procedure so that the Court can more easily manage both cases concurrently on the same schedule.  Rule 42 states: "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED.R.CIV.P. 42(a).

In order to avoid piecemeal proceedings, it will be important to have submissions from all parties within the same schedule.  Without consolidation, piecemeal litigation will occur due to the make-up of the defendants in the first and second cases and the fact *res judicata*, collateral estoppel, and issue preclusion will not apply to all Defendants in the second case.  The first and second cases involve the same patent and the same questions of validity.  Consolidation, therefore, is appropriate to avoid unnecessary cost and delay because *Markman* rulings and a validity holding in the first case will not be binding on any of the Defendants in the second case except Westex; therefore, a validity holding in the first case would necessitate additional discovery and claim construction again in the second case for the other defendants.  With consolidated cases, the Court can render decisions on *Markman* issues and patent validity only one time and have those decisions be binding on all parties.

III.    HISTORY OF THE CASES

The principal moving party, Mt. Vernon presented a motion on April 24, 2008 requesting a stay pending a declaration of validity in the first case.  Defendants Westex, Inc. CarHartt, Inc. and G & K Services have orally joined Mt. Vernon's motion. (Minute Order, April 24, 2008.) However, before those requests by Mt. Vernon are responded to, a brief history of the second case and its earlier, related first case is in order.

The second case has been declared "related" to the first case pending before this Court. (Minute Order, April 3, 2008.) In point of fact, it is <u>very</u> closely related. Specifically:

1. The two cases are for infringement of the same patent (*i.e.*, the '545 Patent);
2. The plaintiffs in the two cases are identical;
3. One defendant (Westex) is common to both cases (due to Westex having intervened in this case);
4. Both cases are assigned to the same Judge;
5. Both cases are assigned to the same Magistrate Judge; and
6. Procedurally, both cases are neck and neck.

Item 6, above, deserves further elaboration. Surprisingly, the first case is not that much closer to trial readiness than this one is, despite having been filed on October 21, 2005. Defendants in the first case have taken no depositions, have designated no experts, and no *Markman* proceeding is in sight. The current parallel progress of the two suits is because of the two stays issued by Magistrate Judge Denlow in the first case. (Minute Orders by Judge Denlow February 23, 2006 and August 15, 2007.)

When the first case was filed, a reexamination of the patent in suit was underway in the Patent Office. By stipulation, the entire case was stayed, pending the outcome of that reexamination. After all, had the reexamination resulted in the invalidation of the patent, the suit would be moot. The first reexamination terminated favorably for the patentees, all claims being affirmed. Nineteen days later, Westex filed its petition for reexamination of the same patent. Again, the suit was stayed, except for limited discovery. Finally, on October 2, 2007, the Patent Office again confirmed all claims, and the stay was lifted. It will be noted that the stays were not lifted until nineteen days before the two year anniversary of the filing. Thus, although the first case was filed twenty-eight months before the second case, from a procedural position, it is only four months younger. Indeed, the Rule 26(a) statements were filed by two of the defendants in the first case only about six weeks before this second case was filed.

In *dicta*, this Court has indicated that suits against customers are frequently not favored. It must be pointed out that this suit is not only against customers. There are nine new defendants in this case (and one old one, now that Westex has intervened). Seven of those new defendants are intermediaries (or a supplier) of Westex in a complete chain of commerce that converts fabric into flame retardant garments, which are then repeatedly rented and laundered. But, two

defendants, Mt. Vernon and Carhartt, have no commercial relationship to Westex. It is believed that they were not infringing when the first case was filed, but have since commenced to do so. Plaintiffs' continue to believe that the most efficient way to conclude these proceedings is to have all relevant parties in a single proceeding.

IV.     MOTION TO STAY SHOULD BE DENIED BECAUSE STAYING THE SECOND CASE WILL LIKELY LEAD TO DUPLICATE EFFORTS REGARDING PATENT VALIDITY

The USPTO has ruled the '545 Patent valid in three separate occasions: (1) application Serial No. 08/315,443; (2) reexamination proceeding 90/007,560; and (3) reexamination proceeding 90/008,435. Therefore, given the three validity rulings of the '545 Patent, the Defendants have an uphill battle to establish that the USPTO was wrong on three separate occasions regarding the validity of this patent. More importantly, the second reexamination proceeding was initiated by the Defendant Westex, which has already had a chance to present its invalidity arguments on the '545 Patent, and the USPTO has rejected those arguments. Therefore, the success potential for an invalidity holding should be low.

The moving party, Mt. Vernon, has cited *T.J. Smith and Nephew Ltd. v. Ferris Corp.*, 1987 US Dist. LEXIS 5979 at 6-7 (N.D. Ill. 1987), describing it as "established case law" for the proposition that this action should be stayed. (Motion to Stay The Proceedings, ¶¶ 14 to 17 and 23.) Not only is this case different factually, according to our research, this case has never been followed.

The *T.J. Smith* decision concerned the situation where one suit was pending in New York and another in this District. *T.J. Smith* at 1. The quote cited in the moving papers: "Concurrent litigation here and in the (sic) New York with respect to the validity of the [patent] would be duplicitous and a waste of the court's and the parties' time and energy" is apposite. *See id.* at 7. In the instant case, we do not have two cases in two Districts. We have two cases in one District, before the same judge, both about the same way from trial, both having a common defendant (Westex), and both having the validity of the patent at suit being a common issue. It should be noted that Mt. Vernon's silence on the issue of its infringement leads one to the inference that infringement is not a real issue.

So, what happens next in the first suit? One would suppose the defendants would take depositions - none have been taken by them yet. If the second case is not stayed, those

4

depositions may be used in both cases. One would suppose the defendants in the first case would demand identification of experts - that has not been done yet. If the second action is not stayed, those experts can be used in both cases. One would suppose that the defendants and plaintiffs in the first suit would go through the *Markman* procedure. If the second action is not stayed, the determination by this Court in a consolidated action as to claim interpretation would be binding on all defendants.

The point of the above discussion is that, contrary to the situation in *T.J. Smith*, the principal of judicial economy dictates, <u>not a stay</u>, but that the cases proceed apace, in harness, if not in the same vehicle—one set of depositions, one designation of experts, one *Markman* hearing, and one *Markman* ruling. The Plaintiffs' concurrently filed motion of consolidation under Rule 42 will allow the Court to manage the cases together.

The fact that Westex is a defendant in both the first case and the second case makes the above arguments to deny this motion to stay even more compelling. Imagine the consequence if there were to be two *Markman* hearings. Westex would not be able to participate in the second, due to the principle of collateral estoppel. Suppose a first trial found the patent valid, and a second trial found it invalid. Again, Westex would not have the advantage of the second finding, as it would be bound by the first finding under the principle of collateral estoppel.

V.    CONCLUSION

Judicial economy is best served by proceeding with all parties in a single proceeding so that duplicate discovery, duplicate export reports, and duplicate *Markman* hearings and rulings are avoided. As not all Defendants are within Westex's chain of commerce, Plaintiffs respectfully request this motion be denied and the second case consolidated with the first case so to proceed on the same schedule with all issues decided together. Alternatively, if the Court grants the Motion to Stay, Plaintiffs respectfully request the Court to require the Defendants to file responsive pleadings in order to keep joinder of the issues and to provide official appearance of counsel for purposes of providing notice.

                                        Respectfully submitted,

Dated: May 9, 2008                        s/Jeffrey A Chelstrom
                                        Mark W. Hetzler
                                        Jeffrey A. Chelstrom
                                        FITCH, EVEN, TABIN & FLANNERY
                                        120 South LaSalle Street, Suite 1600
                                        Chicago, Illinois 60603-3406
                                        Telephone (312) 577-7000
                                        Facsimile (312) 577-7007
                                        mwhetz@fitcheven.com
                                        jachel@fitcheven.com

                                        Richard L. Mikesell
                                        Law Offices of R. L. Mikesell
                                        14827 Ventura Boulevard, Suite 216
                                        Sherman Oaks, California 91403
                                        Telephone (818) 376-0376
                                        richardmikesell@sbcglobal.net

                                        *Attorneys for Plaintiffs Itex, Inc. and*
                                        *MF & H, Textiles, Inc.*