File No. 3006728-DAJ/jys

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ITEX, INC., a Colorado Corporation; and MF & H TEXTILES, INC., a Georgia Corporation, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 1224 |
| vs. | ) ) | Judge: Wayne R. Andersen |
| WORKRITE UNIFORM COMPANY, INC., California Corporation; BULWARK, a Division of VF Corporation, a Delaware Corporation; CINTAS, an Ohio Corporation; UNIFIRST, a Massachusetts Corporation; G & K SERVICES, a Minnesota Corporation; ARAMARK, a Delaware Corporation; GREENWOOD MILLS, INC., a South Carolina Corporation; MOUNT VERNON MILLS, INC., a South Carolina Corporation; and CARHARTT, INC., a Michigan Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge: Morton Denlow |
| Defendants. | ) ) | |

## DFEENDANT MOUNT VERNON MILLS, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOUNT VERNON'S MOTION TO STAY THE PROCEEDINGS

The Defendant, Mount Vernon Mills, Inc., a Maryland Corporation (hereinafter referred to as "Mount Vernon"), by its attorneys, David A. Johnson and SmithAmundsen LLC, for its Reply to Plaintiffs' Response to Mount Vernon's Motion to Stay the Procedings, states as follows:

## I.  Procedural History

A detailed description of the procedural history in the two cases before the Court is necessary to elucidate their differences or "unrelatedness."

**A.**    ***Itex, Inc., et al. v. Westex, Inc.. et al.,* (Case No. 05 C 6110)**

On October 21, 2005, Itex and MF & H Textiles, Inc. (hereinafter "Plaintiffs") filed suit against Westex, Inc. ("Westex") in the United States District Court for the Northern District of Illinois, Case No. 05 C 6110 (hereinafter referred to as the "First Action"), alleging that Westex infringed on U.S. Patent No. 5,468,545 (hereinafter referred to as "the Patent").   Only Westex was named as a Defendant in the original Complaint.  (See Exhibit A to Mount Vernon's Motion to Stay.)   The case was assigned to Judge Wayne R. Andersen and Magistrate Judge Morton Denlow.

Shortly after the First Action was filed in 2005, Plaintiffs asked for and received a stay of discovery to await the results of a re-examination of the Patent.  (See Minute Order entered by Magistrate Judge Morton Denlow dated 02/23/06 attached hereto as Exhibit A.)

The stay was lifted on January 23, 2007, and on October 4, 2007, Plaintiffs filed a First Amended Complaint naming King America Finishing, Inc., and Western Piece Dyers & Finishers, Inc. as Defendants because they "shared common ownership with the original Defendant [Westex] and because they participated in the manufacture of the allegedly infringing goods." (See Exhibit B, Plaintiffs' First Amended Complaint, and Exhibit E, Westex's Opposition to Motion for Leave to File Second Amended Complaint at page 3, to Mount Vernon's Motion to Stay.)

In response to the First Amended Complaint, Westex filed its Answer, Affirmative Defenses, and Counterclaim.  (See Exhibit C to Mount Vernon's Motion to Stay.)

In its Affirmative Defenses, Westex alleges that the Patent cannot be infringed because it is invalid.  (See Exhibit C to Mount Vernon's Motion to Stay at page 5.)

Additionally, in its Counterclaim, Westex seeks a declaratory judgment that the Patent is invalid.  (See Exhibit C to Mount Vernon's Motion to Stay.)

On November 2, 2007, Plaintiffs moved for leave to file their Second Amended Complaint adding Workrite Uniform Company, Inc., Bulwark, Cintas, Unifirst, G & K Services, Aramark, and Greenwood Mills, Inc. as Defendants.  (See Exhibit D to Mount Vernon's Motion to Stay, and Plaintiff's proposed Second Amended Complaint attached hereto as Exhibit B.)

Westex opposed Plaintiffs' motion, claiming that the none of the Defendants sought to be added were involved in the manufacture of the products that allegedly infringed the Patent; the new Defendants were suppliers and customers of Westex, and lacked a connection to the alleged infringement; filing the Second Amended Complaint was untimely and would result in undue prejudice to the current Defendants; the amendment would unduly delay the disposition of the First Action; and, a judicial determination of the Patent's invalidity would effectively dispose of all relevant claims asserted against any and all Defendants.  (See Exhibit E to Mount Vernon's Motion to Stay.)

On December 19, 2007, and then again on January 31, 2008, the Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint.   (See Exhibit F to Mount Vernon's Motion to Stay.)

**B.**     ***Itex, Inc. v. Workrite Uniform Co., Inc.*** **(Case No. 08 C 1224)**

On February 29, 2008, Plaintiffs filed a second suit in the same district court as the First Action against those Defendants they were denied leave to name in the First Action, as well as additional Defendants Mount Vernon and Carhartt, Inc. (hereinafter referred to as "Carhartt.")

for infringement of the same patent (hereinafter referred to as the "Second Action"). The case was assigned to Judge Elaine E. Bucklo and Magistrate Judge Arlander Keys. (See Exhibit G to Mount Vernon's Motion to Stay.)

**C.    Relatedness of First and Second Actions**

On March 28, 2008, Westex filed a Motion for Finding of Relatedness between the Second Action and the First Action, and sought to have both actions handled by Judge Wayne R. Andersen. (See Exhibit H to Mount Vernon's Motion to Stay.) Mount Vernon was not given notice of this Motion, and therefore, had no opportunity to be heard on the issue.

On April 3, 2008, Judge Anderson entered a Minute Order granting Westex's Motion for a Finding of Relatedness and Reassignment, and the Second Action was reassigned to Judge Andersen. (See Exhibit I to Mount Vernon's Motion to Stay.)

**II.  Mount Vernon's Motion to Stay the Proceedings in the Second Action Should
Be Granted Pursuant to Established Case Law and the Facts**

Mount Vernon moves to stay of the Second Action until the Court rules on the validity of Plaintiffs' Patent based on Westex's Affirmative Defenses and Counterclaim in the First Action.

In its Motion to Stay the Proceedings, Mount Vernon relies on *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), *Lambert v. Conrad*, 536 F. 2d 1183 at 1186 (7th Cir. 1976), and *T.J. Smith and Nephew Ltd. v. Ferris Corp.*, 1987 U.S. Dist LEXIS 5979 at 6-7 (N.D. Ill. 1987) to support its legal argument on why the stay should be granted, and those arguments will not be repeated here. (See Mount Vernon's Motion to Stay.)

Further, in envisioning a second action, both counsel for Westex and the Court acknowledged that staying the second action, if and when filed, would avoid undue delay in the First Action. In Westex's Motion for Finding of Relatedness and Reassignment, Westex's

4

counsel stated that: "having both cases pending before one judge will provide the Court with the ability to manage the cases for the swiftest possible resolution: namely, <u>staying the Second Action until after the prompt resolution of the First Action</u>, which Westex believes will be entirely dispositive of the Second Action." (<u>Emphasis added.</u>)  (See Exhibit H to Mount Vernon's Motion to Stay at page 8, par. 27.)  Additionally, during the hearing on Plaintiffs' Motion for Leave to File a Second Amended Complaint in the First Action on January 31, 2008, the Court stated:

> If [Westex] is honorably stepping to the plate and getting the plaintiff information because you think you have a good case and you [have] a good chance to win, <u>I do not think having been in this for two and a half years…two and a quarter years, that you should be slowed down, which you inevitably would be, if other defendants were added.</u>  (<u>Emphasis added.</u>)

(See Exhibit H to Mount Vernon's Motion to Stay citing 01/31/08 Hrg. Transcript at pages 5, 8-9 in *Itex, Inc. v. Westex, Inc.*, 05 C 6110.)

### III.  Plaintiffs' Response to Motion to Stay the Proceedings Establishes that the Case Against Mount Vernon and Carhartt in the Second Action are Wholly Unrelated to the First Action

In Plaintiffs' Response to Mount Vernon's Motion to Stay the Proceedings, Plaintiffs state that "the second case has been declared 'related' to the first case pending before this Court. […] In point of fact, it is very closely related.  Specifically:

1.    The two cases are for infringement of the same patent (i.e., the '545 Patent);

2.    The plaintiffs in the two cases are identical;

3.    One defendant (Westex) is common to both cases (due to Westex having intervened in this case);

4.    Both cases are assigned to the same Judge;

     5.     Both cases are assigned to the same Magistrate Judge; and

     6.     Procedurally, both cases are neck and neck."

(See Plaintiffs' Response at page 3.)

In point of fact, the only relevant fact that ties the Second Action to the First Action is that the Patent allegedly infringed upon is the same. The case against Mount Vernon does not grow out of the same transaction or occurrence, namely the production, sale, and distribution by Westex of the flame-retardant fabrics at issue. Further, with the exception of Bulwark, Mount Vernon has no relationship to Westex whatsoever in the Second Action. In that regard, it is also worth noting that Mount Vernon's flame retardant fabrics are not the same as Westex's flame-retardant fabrics. Additionally, Mount Vernon and Carhartt were not named in the proposed Second Amended Complaint sought to be filed by Plaintiffs in the First Action, and they were only mentioned in Westex's Motion for a Finding of Relatedness for the fact that they were not named in the proposed Second Amended Complaint in the First Action, but were named in the Complaint in the Second Action. (See Exhibit H to Mount Vernon's Motion to Stay at page 5, par. 14.)

Additionally, the fact that the Plaintiffs in the two actions are identical and that Westex is common to both actions (through affirmative action by Westex in intervening in the Second Action) is irrelevant to a finding of relatedness. Likewise, the fact that both cases are assigned to the same Judge and Magistrate Judge is also irrelevant, inasmuch as the Second Action was initially assigned to a different Judge and Magistrate Judge, and only by way of affirmative action thereafter was the Second Action reassigned to the same Judge and Magistrate Judge handling the First Action.

Further, Plaintiffs' assertion that "[p]rocedurally, both cases are neck and neck" is simply wrong. (See docket sheets for First and Second Action attached hereto as Exhibits C and D respectively; see also Plaintiffs' graphic entitled "ITEX SUITS – BREAKDOWN OF PARTIES" attached hereto as Exhibit E.) On information and belief, Mount Vernon believes that Westex addresses this issue in more depth in its Reply to Plaintiffs' Response, and Mount Vernon refers the Court to that pleading.

By way of "further elaboration," Plaintiffs state that "[T]wo defendants, Mt. Vernon and Carhartt, have no commercial relationship to Westex. It is believed that they were not infringing when the first case was filed, but have since commenced to do so." (See Plaintiffs' Response Brief at page 4.) Thus, Plaintiffs acknowledge that the products in the two actions are different, the transactions and occurrences are different, and the alleged infringements are different, both substantively and temporally.

Plaintiffs argue that the Motion to Stay should be denied because staying the Second Action would lead to duplicate efforts regarding patent validity. Plaintiffs state that depositions have not been taken (which Defendant believes to be incorrect), and thus, "depositions may be used in both cases." (See plaintiffs' Response at page 5.) However, if, as Plaintiffs state in their Reply, Mount Vernon and Carhartt have "no commercial relationship to Westex," then the depositions of the parties related to Westex ("Westex Defendants"), which, by last count, was 10 of the 12 defendants to both actions, would be of no use to Mount Vernon and Carhartt, and likewise, the depositions of Mount Vernon's and Carhartt's people would be of no use to the Westex Defendants.

Additionally, Plaintiffs argue that the experts used in the [First Action] could be used as experts in the [Second Action], but that would only be true for the "Westex Defendants." Despite

Plaintiffs' assertion, Mount Vernon cannot conceive how it would share experts with Westex or the Westex Defendants either at a Markman hearing or on the issue of infringement. As such, Plaintiffs' case against Mount Vernon and Carhartt will involve different discovery, different time periods, different depositions, different damages, etc. than its case against Westex and Westex Defendants.

Plaintiffs argue that "[t]he fact that Westex is a defendant in both the [First Action] and the [Section Action] makes the above arguments to deny this motion to stay even more compelling." (See Plaintiffs' Response at page 5.) However, simply put, Mount Vernon and Carhartt should have never been named in the Second Action with the Westex Defendants in the first place, and therefore, Plaintiff's assertion that Mount Vernon's Motion to Stay should not be granted because Westex is a defendant in both actions does not speak to the relatedness of those actions.

Finally, Plaintiffs' concluding remarks regarding the effect of two Markman hearings is also without merit. Simply stated, if the Second Action was stayed pending a determination of the Patent's validity by the Court in the First Action, and it found the Patent invalid in that Action, the Second Action would be dismissed as to all parties and no additional Markman hearing(s) would be necessary.

## IV. Conclusion

The issuance of a stay of the Second Action is proper under established case law, and would avoid "needless duplication of time and effort by [the Court] and litigants" and undue delay in the resolution of the First Action, as acknowledged by both the Court and Westex.

WHEREFORE, Defendant, Mount Vernon Mills, Inc., respectfully requests that this Honorable Court enter an Order staying Case No. 08 C 1224 until this Court has ruled on the

validity of the Patent at issue, as raised in Case No. 05 C 6110, currently before this Court, and

for such other relief as this Court may deem just and proper.

SmithAmundsen LLC


By:     s/ David A. Johnson
        Attorneys for Defendant
        Mount Vernon Mills, Inc.

David A. Johnson, ARDC No. 6184135
Matthew W. Horn, ARDC No. 6294719
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 Fax