UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC., a Colorado Corporation; and MF & H TEXTILES, INC., a Georgia Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> WORKRITE UNIFORM COMPANY, INC., California Corporation; BULWARK, a Division of VF Corporation, a Delaware Corporation; CINTAS, an Ohio Corporation; UNIFIRST, a Massachusetts Corporation; G & K SERVICES, a Minnesota Corporation; ARAMARK, a Delaware Corporation; GREENWOOD MILLS, INC., a South Carolina Corporation; MOUNT VERNON MILLS, INC., a South Carolina Corporation; and CARHARTT, INC., a Michigan Corporation, <br><br> Defendants. | Case No. 08 C 1224 <br><br> Judge: Wayne R. Andersen <br><br> Magistrate Judge: Morton Denlow |

**DEFENDANT MOUNT VERNON MILLS, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE AND MOTION TO SEVER**

Now comes the Defendant, Mount Vernon Mills, Inc., a Maryland Corporation (hereinafter referred to as "Mount Vernon"), by its attorneys, David A. Johnson and SmithAmundsen LLC, and for its Response to Plaintiffs' Motion to Consolidate, moves to sever Mount Vernon and Carhartt, Inc. (hereinafter "Carhartt") from Westex, Inc. and its related parties in Case No. 08 C 1224 pursuant to Fed. R. Civ. P. 21, and in support thereof, states as follows:

1

## INTRODUCTION

Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for severing parties who were improperly joined because they fail to satisfy any of the conditions of permissive joinder under Fed. R. Civ. P. 20(a). *See Vakharia v. Swedish Covenant Hospital*, 765 F. Supp. 461 (N.D. Ill. 1991). Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time on just terms, add or drop a party. The court may also sever any claim against a party. Fed. R. Civ. P. 21.

"Rule 21 allows for a claim against a party to be severed and proceeded with separately." *Siemens Aktiengesellschaft v. Sonotone Corporation*, 370 F. Supp. 970, 974 (N.D. Ill. 1973).

Rule 20 of the Federal Rule of Civil Procedure allows for the joinder of persons in one action as defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
> (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (*emphasis added*).

Here, Plaintiffs have made no allegation that the acts of infringement by Westex and Mount Vernon arise out of the same transactions or occurrences or series thereof. Thus, the claims of infringement against unrelated defendants such as Westex and Mount Vernon involving different acts should be tried against each defendant separately. *Siemens*, 370 F. Supp. at 974.

## ARGUMENT

While the Patent allegedly infringed upon in both Case No. 05 C 1661 and Case No. 08 C 1224 is the same, the products, transactions, occurrences and alleged

2

infringement giving rise to Plaintiffs' claims against Mount Vernon and its related party, Carhartt are different from those giving rise to Plaintiffs' claims against Westex and its related parties. To that end, Plaintiffs acknowledge these differences in their pleadings, stating, "Mt. Vernon and Carhartt have no commercial relationship to Westex." (See Plaintiffs' Opposition to Defendant Mount Vernon Mills, Inc.'s Motion to Stay the Proceedings and Memorandum in Support of Plaintiffs' Motion for Consolidation with Civil Action No. 05 C 1661 attached hereto as Exhibit A at page 4.)

Further, factually analogous case law supports this Motion to Sever. In *Androphy v. Smith & Nephew, Inc., et al.*, 31 F. Supp. 2d 620, 1998 U.S. Dist. LEXIS 20267 (N.D. Ill. 1998), the plaintiff filed one lawsuit against multiple defendants who were allegedly manufacturing different products that infringed on the same patent. In response to the complaint, defendant Stryker filed a motion to sever the claims asserted against it from the claims asserted against defendant Howmedica. In granting Strkyer's motion, Judge Elaine E. Bucklo stated:

> There is a common question of law or fact here. Both Stryker and Howmedica are alleged to have infringed the same patents. However, that does not mean the claims against the two companies arise from a common transaction or occurrence. In *Magnavox*, joinder was held improper where the defendants were alleged to have infringed the same patent, but sold different products. 496 F. Supp. at 34. The court found no common transaction or occurrence. *Id.* Here, Stryker and Howmedica are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met as to the claims against Stryker and Howmedica. *See New Jersey Mach. Inc. v. Alford Indus. Inc.*, 1991 U.S. Dist. LEXIS 20376, 21 U.S.P.Q.2D (BNA) 2033, 2034-35 (D.N.J. 1991) (claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant). *Androphy*, 31 F. Supp. 2d at 622-23.

Similarly, in *SB Designs, et al. v. Reebok International, Ltd., et al.*, 305 F. Supp. 2d 888, 2004 U.S. Dist. LEXIS 3146 (N.D. Ill. 2004), the plaintiff filed one lawsuit against numerous defendants who were allegedly marketing different products that infringed on the same trademark. Defendant And 1 moved to sever the claims asserted against it from the claims asserted against the other defendants, arguing that it was improperly joined under Fed. R. Civ. P. 21. In granting And 1's motion, the Court stated:

> Fed. R. Civ. P. 20(a), which governs permissive joinder, provides that multiple defendants may be joined in one action if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The first amended complaint, however, alleges multiple acts of infringement committed by And 1 that do not involve the same transaction, occurrence, or series of transactions or occurrences as the alleged acts of infringement committed by the other defendants.
>
> The first amended complaint does not allege any relationship between the allegedly infringing acts of And 1 and any other defendant. To the contrary, it appears that And 1 operates independently of the other defendants and sells different products in competition with theirs. The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence. (Citations omitted.) *SB Designs*, 305 F. Supp 2d at 891-92.

## CONCLUSION

Plaintiffs have failed to meet the requirements for proper joinder under Fed. R. Civ. P 20(a) as established by case law. *See Androphy*, 31 F. Supp. 2d at 622-23; *see also SB Designs*, 305 F. Supp 2d at 891-92. To that end, Plaintiffs have failed to establish that the claims asserted against Westex, Westex's supplier and Westex's customers and the claims asserted against Mount Vernon and Carhartt "arise out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). *Androphy*, 31 F. Supp. 2d at 622-23. *SB Designs*, 305 F. Supp 2d at 891-92. Further, Plaintiffs' argument that

4

because all Defendants have allegedly infringed the same Patent there is a common question of law or fact among the Defendants does not suffice. *See Androphy,* 31 F. Supp. 2d at 622-23; *see also SB Designs,* 305 F. Supp 2d at 891-92. Here, as was the case in *Androphy,* Westex and Mount Vernon are "separate companies that independently design, manufacture and sell different products in competition with each other." *Androphy,* 31 F. Supp. 2d at 622-23. Accordingly, the commonality requirement that Plaintiffs must establish in order to properly join Westex, Westex's supplier and Westex's customers in one lawsuit with Mount Vernon and Carhartt is not met, and therefore, severance is appropriate. (See a visual description of the parties, their relationships and their roles before and after the recommended procedural state following severance attached hereto as Exhibit B.)

WHEREFORE Defendant, Mount Vernon Mills, Inc., prays that this Court enter an Order severing the claims asserted against Mount Vernon and Carhartt from the claims asserted against Defendants Westex, Workrite Uniform Co., Inc., Bulwark, Cintas, Unifirst, G & K Services, Aramark, and Greenwood Mills, Inc. in Case No. 08 C 1224. Further, Mount Vernon prays that if severance is granted, the claim against Mount Vernon and Carhartt be stayed pursuant to Mount Vernon's earlier filed Motion to Stay the Proceedings.

SmithAmundsen LLC

By: s/ David A. Johnson
Attorneys for Defendant,
Mount Vernon Mills, Inc.

David A. Johnson, ARDC No. 6184135
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 Fax