UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ITEX, INC., a Colorado Corporation; and MF& H TEXTILES, INC., a Georgia Corporation,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>WORKRITE UNIFORM COMPANY, INC., a California Corporation; BULWARK, a Division of VF Corporation, a Delaware Corporation; CINTAS, an Ohio Corporation; UNIFIRST, a Massachusetts Corporation; G & K SERVICES, a Minnesota Corporation; ARAMARK, a Delaware Corporation; GREENWOOD MILLS, INC., a South Carolina Corporation; MOUNT VERNON MILLS, INC., a South Carolina Corporation; and CARHARTT, INC., a Michigan Corporation,<br><br>　　　　Defendants. | Case No. 08 C 1224<br><br>Judge: Wayne R. Andersen<br><br>Magistrate Judge: Morton Denlow |

**DEFENDANT CARHARTT'S MOTION TO SEVER
AND
BRIEF IN SUPPORT OF MT. VERNON MILL'S OPPOSITION
TO PLAINTIFFS' MOTION TO CONSOLIDATE**

I.  **INTRODUCTION**

　　Carhartt, Inc., a defendant in the '08 case (CA 08 C 1224), hereby requests that this Court sever Carhartt along with its fabric supplier, Mt. Vernon Mills, from all of the other defendants in the '05 and '08 cases and thus allow the case against Carhartt and Mt. Vernon to proceed

separately from the action against the other defendants. This request is necessary to correct a misjoinder of party-defendants and to prevent prejudice to Carhartt (and to Mt. Vernon).

By this Motion, Carhartt is also adopting and incorporating Mt. Vernon's objections to plaintiff Itex's Motion to Consolidate the '05 and '08 cases, and also is adopting and joining in with Mt. Vernon's pending Motion to Sever.

## II. THE ISSUES AGAINST THE TWO SETS OF DEFENDANTS ARE DIFFERENT REQUIRING SEPARATE LAWSUITS

The patent-in-suit, U.S. 5,485,545, claims a fabric made by a particular process. Severance of Carhartt and Mt. Vernon is necessary because the fabric made by Mt. Vernon and used by Carhartt to make clothing is made by a different process then the fabric made by Westex and used by its customers to make clothing. Since different processes are used, the issues relative to infringement are different and will involve different facts, issues, witnesses and evidence.

The present misalignment of the parties came about by plaintiffs' misjoinder of Carhartt and Mt. Vernon with the other defendants (all of whom use Westex's fabric) in the '08 Complaint. Carhartt and Mt. Vernon have tried to work out a reorganization of the party-defendants with Itex's counsel in order to have the defendants be separated into two groups by fabric maker (i.e. a Westex group and a Mt. Vernon group), but Itex has refused.

## III. CARHARTT AND MT. VERNON SHOULD BE SEPARATED FROM THE OTHER DEFENDANTS

The Court has wide discretion and latitude to control its own docket. Regardless of the applicable legal theory or analysis, the Court can take steps to reorganize and align the defendants properly (into two groups) to meet standards of equity and joinder. The following

Exhibit B attached to Mt. Vernon's Motion to Sever shows the present situation, while Mt. Vernon Exhibit D shows the requested reorganization:





To achieve the proper alignment of the parties as shown in <u>Exhibit D</u>, the Court has several options. For example, all of the '08 defendants, except for Mt. Vernon and Carhartt, can be transferred into the '05 case and consolidated with it, leaving just Carhartt and Mt. Vernon in the '08 case. Another option would be to dismiss Mt. Vernon and Carhartt from the '08 case and request Itex to file a separate action against them. There is a misjoinder of parties at the present time and a reorganization is necessary.

### IV. A STAY OF THE '08 SUIT NECESSARILY FOLLOWS THE SEVERANCE OF MT. VERNON AND CARHARTT

If the parties and cases are properly aligned by the Court, such as in the manner shown in <u>Exhibit D</u> above, or if the Court requires Itex to file a separate action, the two cases can proceed separately. At that point, Carhartt (and Mt. Vernon) would request that their separate action be stayed pending a decision by the Court on the validity and infringement of plaintiff Itex's patent in the other case. As stated earlier in Mt. Vernon's Motion to Stay, any adverse decision on the validity of the patent in suit would be binding on Itex and would substantially affect whether the separate action against Carhartt and Mt. Vernon would ever be continued or prosecuted.

### V. CONCLUSION

Plaintiffs' pending Motion to Consolidate should be denied, unless the Court can grant the Motion in a way that separates Carhartt and Mt. Vernon from the rest of the defendants. One way the Court can accomplish this division is to grant the present Motion to Sever (and concurrently grant Mt. Vernon's pending Motion to Sever).

Further, once all the party-defendants are aligned properly in two separate actions, the action involving Carhartt and Mt. Vernon should be stayed pending a resolution of the other action.

                                          Respectfully submitted,

                                          /s/ Christopher V. Carani

                                          JOHN A. ARTZ (P24679)
                                          JOHN S. ARTZ (P48578)
                                          Attorneys for Defendant Carhartt, Inc.
                                          39525 Woodward Avenue, Suite 2000
                                          Bloomfield Hills, MI 48302
                                          (248) 433-7200

                                          CHRISTOPHER V. CARANI (#6269503)
                                          McAndrews, Held & Malloy, Ltd.
                                          500 W. Madison St. , Suite 3400
                                          Chicago, Illinois 60661
                                          (312) 775-8000

Date: June 13, 2008

# AFFIDAVIT OF SERVICE

I, Christopher V. Carani, an attorney, certify that on June 13, 2008, I electronically filed the preceding with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **John A. Artz**
  jaartz@dicksonwright.com
- **John S. Artz**
  jsaartz@dickinsonwright.com
- **Joel Merkin**
  jmerkin@sonnenschein.com, ndil_ecf@sonnenschein.com
- **Jeffrey A. Chelstrom**
  jachel@fitcheven.com
- **Jerome J. Duchowicz**
  jduchowicz@salawus.com
- **Mark W. Hetzler**
  mwhetz@fitcheven.com
- **David A. Johnson**
  djohnson@salawus.com
- **Mark N. Senak**
  msenak@savilaw.com
- **Richard L. Mikesell**
  richardmikesell@sbcglobal.net
- **James Andrew Klenk**
  jklenk@sonnenschein.com

　　　　　　　　　　　　　　　　　　　　/s/　　　　Christopher V. Carani