**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ITEX, INC. & MF & H TEXTILES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 08 CV 1224** |
| | ) | |
| MOUNT VERNON MILLS, INC., *et al.*, | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| Defendants. | ) | **September 9, 2010** |

**MEMORANDUM OPINION and ORDER**

Itex, Inc. ("Itex") and MF & H Textiles, Inc. (together, "the plaintiffs") brought this lawsuit against Mount Vernon Mills, Inc., Carhartt, Inc., and VF Imagewear, Inc. (collectively, "the Mt. Vernon defendants"), claiming that they manufacture and sell fabrics and garments that infringe on the plaintiffs' patent, entitled "Long Wear Life Flame-Retardant Cotton Blend Fabrics," patent number 5,468,545 ("the '545 patent"). Currently before the court is the Mt. Vernon defendants' motion to stay these proceedings pending the resolution of a related patent lawsuit, *Itex, Inc. et al. v. Westex, Inc., et al.*, No. 05 CV 6110 ("the '05 case"). For the following reasons, the motion is denied in part and granted in part:

**Procedural History**

In the fall of 2005 the plaintiffs filed the '05 case against Westex, Inc. and several other defendants ("the Westex Defendants"), alleging that they infringed the '545 patent. The Westex defendants asserted multiple defenses, including that the '545 patent is invalid and that Itex engaged in inequitable conduct by failing to disclose material prior art. Shortly thereafter, Itex filed an *ex parte* petition with the United States Patent and Trademark Office

("PTO") seeking reexamination of the '545 patent. The district court stayed the '05 case until the PTO concluded that reexamination and a second *ex parte* reexamination initiated by Westex.

In November 2007—after the court lifted the stay—the parties to the '05 case began fact discovery. The plaintiffs sought to amend their complaint to add the Mt. Vernon defendants to the '05 case, but in December 2007 and January 2008 the district court denied their request. As a result, the plaintiffs filed this separate lawsuit against the Mt. Vernon defendants in February 2008 ("the '08 case"). The '08 and '05 cases were then found to be related, and accordingly, they have been assigned to the same district judge. In May 2010 the Executive Committee for the United States District Court for the Northern District of Illinois referred the '05 and '08 cases to this court for discovery supervision. The Westex defendants have proposed that fact discovery in the '05 case close on April 1, 2011. The Mt. Vernon defendants have not yet begun their discovery process, but in responding to the current motion, the plaintiffs propose that fact discovery in the '08 case should close on March 1, 2011.

## Analysis

In the current motion the Mt. Vernon defendants ask this court to stay discovery in this case until the '05 lawsuit is resolved, arguing that a stay will conserve costs and fees, streamline the issues for trial, and conserve judicial resources. Alternatively, they argue that if this court declines to issue a stay, it should not consolidate discovery in this case with the

2

'05 case. The plaintiffs object to the request for a stay. They argue that the Mt. Vernon defendants have not shown that they will be prejudiced in any way by going forward with discovery now. The plaintiffs argue conversely that a stay in this case is likely to result in unnecessary costs to the parties and duplicative efforts by both the parties and this court.

Whether to grant a stay is a discretionary decision that "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is an inquiry that requires the court to analyze and balance several competing interests, including: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). The burden to establish the need for a stay rests with the moving party. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "'If there is even a fair possibility that the stay will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Se-Kure Controls v. Sennco Solutions, Inc.*, 675 F. Supp. 2d 877, 878-79 (N.D. Ill. 2009) (quoting *Landis*, 299 U.S. at 255).

The Mt. Vernon defendants have not shown that the relevant factors weigh in favor of staying discovery in the '08 case during the pendency of the '05 case. The first factor is fairly neutral—the plaintiffs argue that they would be harmed by separately litigating what

3

may be overlapping issues in the two cases, but that argument goes more to the second two factors than to any particular tactical disadvantage. The remaining factors, however, weigh heavily against a stay. The Mt. Vernon defendants argue that staying this case will simplify the issues and streamline the case for trial because a finding that the '545 patent is invalid in the '05 case would be binding on the plaintiffs in the '08 case. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (holding that patent holder is estopped from asserting validity of patent that has been declared invalid in prior suit). But patents enjoy a presumption of validity in the absence of clear and convincing evidence of invalidity, *see Dana Corp. v. Am. Axle & Mfg., Inc.*, 279 F.3d 1372, 1375 (Fed. Cir. 2002), and as the plaintiffs point out, the '545 patent has survived two reexaminations before the PTO. Without passing any judgment on the viability of the invalidity defenses in either the '05 or '08 cases, it strikes this court as overly speculative to stay this case based on the possibility that the Westex defendants will overcome the presumption of patent validity. And absent a finding of invalidity, the proceedings in the '05 case will not simplify the issues in this case. In their reply brief, the defendants list potential issues that the court may resolve in the '05 case, arguing that such decisions could provide "guidance on potential disputes" in the '08 case. (R. 153, Reply at 7.) But when the Mt. Vernon defendants presented their motion to stay to this court, they made clear that they would not consider any decisions rendered in the '05 case to have preclusive effect—other than, of course, a finding that the '545 patent is invalid. Absent such a finding, granting the stay in this case would not streamline the

4

litigation and would only put off the requisite fact-finding until a time when memories are less clear and evidence less fresh.

For the same reasons, staying the '08 case is unlikely to reduce the burden of litigation on the parties or the court, and in fact, may do the opposite. If this case is stayed, the parties likely will be forced to duplicate efforts in gathering facts with respect to the '545 patent's validity and enforceability. On the other hand, if the case goes forward, the court will be able to consider simultaneously any common issues that arise. Moreover, because both cases are proceeding before the same district judge, there is not the risk of inconsistent decisions or waste of judicial resources that attends simultaneous litigation conducted in separate fora. *See IP Innovation LLC v. Dell Computer Corp.*, 03 CV 3245, 2004 WL 784792, at *2 (N.D. Ill. Apr. 9, 2004). Accordingly, this court finds that the Mt. Vernon defendants have not met their burden to show that the stay they request would reduce the burdens of litigation on the parties or the court.

This court earlier expressed an interest in consolidating the '05 and the '08 cases for the remaining discovery. The Mt. Vernon defendants make clear in the current motion that they vigorously oppose consolidating the cases because they have not yet begun their discovery process and claim to be unable to meet the deadlines in the '05 case without a radical revamping of the '05 discovery schedule. This court recognizes that discovery in the '08 case is significantly behind the '05 case and does not intend to force the Mt. Vernon defendants to adhere to deadlines that may soon loom in the earlier case. Accordingly, this

5

court will not consolidate the two cases for the remaining discovery. But in the interest of efficiency, this court expects the Mt. Vernon defendants to participate in what remains of the '05 discovery to the extent that there are overlapping issues and witnesses. The goal is to minimize costs by preventing duplicative discovery, and this court expects the parties to the '05 and '08 cases to cooperate and maximize the potential for overlapping discovery during the remainder of the '05 case's discovery period.

## Conclusion

For the foregoing reasons, the defendants' motion to stay the proceedings is denied in part and granted in part. The motion is denied to the extent that the defendants seek to stay discovery in the '08 case pending the resolution of the '05 case. The motion is granted to the extent that this court will not consolidate the two cases for purposes of discovery.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**