# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1224 | **DATE** | March 31, 2011 |
| **CASE TITLE** | Itex, Inc. et al vs. Workrite Uniform Company Inc. et al | | |

**DOCKET ENTRY TEXT**

The motion of Defendants Mount Vernon and VF Imagewear to compel answers to their requests for admission [194] is granted in part and denied in part. Plaintiffs are ordered to comply with this order by April 8, 2011. The status hearing will proceed as scheduled on April 7, 2011, at 11:00 a.m. in courtroom 1003.

■[For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Defendants' motion to compel Plaintiffs to provide supplemental answers to their requests to admit ## 8, 33, 37, 93, 94 and 95 is granted in part and denied in part. Pursuant to Federal Rule of Civil Procedure 36(a)(4), litigants have five options when responding to requests to admit: (1) admit; (2) deny; (3) admit in part and deny in part; (4) respond that they are unable to admit or deny; or (5) object. When a party denies a request to admit, Rule 36 does not require the responding party to explain the basis for or to attach any documentation to support the denial. This is why denials of requests to admit typically result in the propounding party later serving a set of interrogatories on the responding party seeking the factual basis for the denials.

Defendants assert in their motion to compel that Plaintiffs failed to properly answer their requests to admit ## 8, 33 and 37. Plaintiffs countered and argued that they went beyond what was required by Rule 36 and provided specific bases for their responses and fully explained their reasons for denying them. Plaintiffs also provided Defendants with supplemental responses in order to resolve their differences. Defendants are satisfied with the supplemental responses to these three requests to admit and take the position in their reply brief that the motion is moot as to these three requests. As such, the motion to compel is denied as to requests ## 8, 33 and 37 as moot.

Defendants further assert that Plaintiffs' attorney-client and attorney work-product privilege objections to requests to admit ## 93-95 should be overruled because these requests do not seek privileged information. Plaintiffs argue that answering the requests in dispute would necessarily reveal their attorneys' strategy in preparing an anticipated infringement claim. They did not argue that answering them would reveal any attorney-client communication and they have asserted no other bases, such as relevance, for their objection. As the party objecting to discovery, Plaintiffs bear the burden of proving that the work-product doctrine applies. *See Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 257 F.R.D. 456, 460-61 (N.D. Ill. 2008). Documents and tangible things qualify for protection under the work-product doctrine if they were prepared in anticipation of litigation or for trial by or for

a party's representative. Fed.R.Civ.P. 26(b)(3); *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 613 (N.D. Ill. 2000). Courts have extended the work-product protections to answers to questions such as those presented in requests for admission. *See Russell v. General Elec. Co.*, 149 F.R.D. 578, 581 (N.D. Ill. 1993). It is well-settled that the doctrine protects an attorney's mental impressions or legal theories, but not the underlying facts of a dispute. *See U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 546 (N.D. Ill. 2005).

Plaintiffs have not shown that they are entitled to the work-product privilege in this particular situation. Defendants explain that they are not seeking any substantive information--at least not through the requests to admit--regarding any pre-suit testing, but merely the underlying fact whether Plaintiffs conducted the very specific pre-suit test described in their request. Plaintiffs argue that the answers Defendants seek would necessarily reveal their attorneys' strategy in preparing an anticipated infringement claim. The line between the two positions is thin. Plaintiffs may be right that Defendants may discern some part of their pretrial strategy by discovering whether they conducted the very specific test outlined in the disputed requests to admit. But as this court has recognized, to allow the doctrine to shield from production "'every item which may reveal some inkling of a lawyer's mental impressions'" would allow the exception to "'hungrily swallow up the rule.'" *Dranchak v. Akzo America, Inc.*, 144 F.R.D. 343, 345 (N.D. Ill. 1992) (quoting *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1015 (1st Cir. 1988)). The cases Plaintiffs cite in their response do not support their objection to the requests because the parties objecting to production in those cases had already provided the information equivalent to that requested here. Specifically, in *Phillips Electronics North Am. Corp. v. Universal Electronics, Inc.*, 892 F.Supp. 108, 110 (D. Del. 1995), the court was given information demonstrating that the tests sought were prepared at the direction of counsel. In *Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95 C 673, 1996 WL 514993, at *3 (N.D. Ill. Sept. 6, 1996), the objecting party provided the court with the testing dates so it could determine whether the tests were conducted in anticipation of litigation. In neither case did the objecting party refuse to disclose the fact of whether a test occurred.

The case of *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08 C 50078, 2010 WL 257253 (N.D. Ill. Jan. 22, 2010), cited by Plaintiffs, does support their position that if an answer to a request to admit divulges *privileged* information, a privilege objection to the request must be sustained. However, the requests to admit in *Bergstrom* demonstrated that the propounding party was looking specifically for what the responding party said or did not say to its attorneys. *See Bergstrom*, 2010 WL 257253 at *3. Here, the disputed requests were artfully drafted to avoid any revelation of whether Plaintiffs conducted the specific test described therein at the direction of their attorneys in anticipation of litigation. Neither answer, "admit" nor "deny," will raise an inference that the test was conducted or not conducted at the direction of their attorneys. Without more, Plaintiffs cannot meet their burden of demonstrating that answering the disputed requests would reveal anything more than underlying facts. Accordingly, the motion to compel is granted to the extent that Plaintiffs are ordered to respond to requests to admit ## 93-95**.**

The current motion does not expressly seek to compel the production of documents and Plaintiffs' response to the motion was limited to the requests to admit. Thus to the extent that Defendants argue they are entitled to certain documents, the parties are ordered to confer and discuss these issues after Plaintiffs respond to the disputed requests. Plaintiffs are reminded, however, that "[o]nly where the document is primarily concerned with legal assistance does it come within these privileges; technical information is otherwise discoverable." *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981); *Caremark*, 195 F.R.D. at 615.