# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1224 | **DATE** | April 27, 2011 |
| **CASE TITLE** | Itex, Inc. et al v. Workrite Uniform Company Inc. et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Compel Discovery from Defendant VF Imagewear, Inc. ("VF") [210] is denied without prejudice. Should Plaintiffs seek and receive leave from the district judge to amend their complaint to add allegations that VF had actual notice of infringement as of September 2003, this court will revisit the question whether VF should be ordered to produce the information Plaintiffs seek. Given that the parties are currently briefing the issue of whether Defendants should be granted leave to file amended pleadings in response to the second amended complaint (R. 225), the court urges Plaintiffs to raise the issue of amending their complaint in a timely manner.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs seek an order compelling VF to produce information dating back to October 2005 regarding its purchases of flame resistant cotton blend fabric from Mount Vernon Mills, Inc. Plaintiffs argue that this information is relevant to its calculation of pre-suit damages under 35 U.S.C. § 287(a), which allows for the recovery of damages occurring after the accused infringer was notified of the infringement. In support of its motion Plaintiffs submit a September 2003 letter ("the Fields letter"), filed under seal, which they characterize as giving VF actual notice of infringement. (R. 210, Ex. B.) VF argues that it should not be compelled to produce the requested purchase information because Plaintiffs did not plead that VF was given notice of the alleged infringement before the present suit was filed and because the Fields letter is insufficient to establish the required actual notice.

Although the parties devote the majority of their arguments to the adequacy of the Fields letter as a vehicle for notice under 35 U.S.C. § 287(a), those arguments are only relevant to the extent that Plaintiffs get past the pleadings issue. As Defendants point out, the Federal Circuit has held that it is the plaintiff's burden in patent litigation to plead actual or constructive notice if they intend to seek pre-suit damages. *See Syngenta Seeds, Inc. v. Delta Cotton Co-Operative, Inc.*, 457 F.3d 1269, 1276 (Fed. Cir. 2006) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). The only reference to pre-suit infringement in Plaintiffs' second amended complaint is their statement that "Defendants were apprised of the existence of the '545 patent months ago, and did not cease their infringing activities." (R. 76 ¶ 13.) But because that allegation cannot be stretched to support a claim that Defendants were given actual notice of the infringement five years before the complaint was filed, Plaintiffs have not shown that the documents they seek are relevant to any currently pending claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

| **STATEMENT** |
|---|

Recognizing this deficiency, in their reply in support of the current motion Plaintiffs request leave to file an amended complaint to allege pre-filing notice dating back to September 2003. But their request lies outside the scope of this court's referral, which is limited to discovery supervision. (R. 26, 123.) If the Plaintiffs intend to pursue their request to amend their complaint for a third time, that relief must be sought before the district judge. If the district judge grants that relief, this court will revisit the question whether VF should be compelled to produce the requested documents.

The court notes that after framing their motion as an attempt to access discovery relevant to pre-suit damages, in their reply brief Plaintiffs argue for the first time that the requested documents also are material as "secondary considerations" relevant to the nonobviousness of the patented invention. Putting aside that arguments raised for the first time in a reply brief are typically considered forfeited, *see Narducci v. Moore*, 572 F.3d 31, 324 (7th Cir. 2009), Plaintiffs have not developed their argument to an extent that would allow the court to analyze how the benefit of the production to the nonobviousness issue would balance against the burden Defendants have represented they would undertake to produce the requested documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). For these reasons, Plaintiffs' motion to compel is denied without prejudice.